Shawn Woodall
NAME

F91270
PRISON NUMBER

P.O. Box 799002
CURRENT ADDRESS OR PLACE OF CONFINEMENT

San Diego, CA 92179-9002
CITY, STATE, ZIP CODE

2254 ✓    1983
FILING FEE PAID
Yes    No ✓
IFP MOTION FILED
Yes ✓    No
COPIES SENT TO
Court ✓    PreSe

FILED

JUN 2 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Shawn James Allen Woodall,
(FULL NAME OF PETITIONER)

PETITIONER

v.

Robert J. Hernandez,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

Edmund G. Brown, JR,
The Attorney General of the State of
California, Additional Respondent.

Civil No. '08  CV 1132 BTM RBB
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   Superior Court of California, County of San Diego

2. Date of judgment of conviction: September 28, 2006

3. Trial court case number of the judgment of conviction being challenged: _____
   SCD176528

4. Length of sentence: Three years of formal probation.

CIV 68 (Rev. Dec. 1998)

K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: *October 30, 2007; February 8, 2009.*

6. Offense(s) for which you were convicted or pleaded guilty (all counts): *Evading detention with Reckless driving.*

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☐
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: *Affirmed (Exhibit 1)*
    (b) Date of result, case number and citation, if known: *D050136 (December 5, 2007).*
    (c) Grounds raised on direct appeal: *(1) Whether the Petitioner was entitled to a probable cause hearing before formal Revocation of his probation; (2) Whether the Petitioner was entitled to a formal Revocation hearing.*

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: *Petition for Review denied. (Exhibit 3)*
    (b) Date of result, case number and citation, if known: *S160485 (March 12, 2008.)*
    (c) Grounds raised: *(1) Whether the Petitioner was entitled to a probable cause hearing before formal Revocation of his probation; (2) Whether the Petitioner was entitled to a formal Revocation hearing.*

CIV 68 (Rev. Dec. 1998)         -2-         K:\COMMON\FORMS\CIV-68.

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:

    (a) Result: *Petition for Certiorari denied.*

    (b) Date of result, case number and citation, if known: *07-10210 (June 9, 2008.)*

    (c) Grounds raised: *(1) Does the Due Process Clause of the Fourteenth Amendment to the United States Constitution Require A two-step hearing process in probation Revocation proceedings?*

### COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
  ☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:

    (a) <u>California Superior Court</u> Case Number: _____

    (b) Nature of proceeding: _____

    (c) Grounds raised: _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
  ☐ Yes  ☒ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number:_____

    (b) Nature of proceeding: _____

        _____

    (c) Grounds raised: _____

        _____

        _____

        _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No

    (e) Result: _____

    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes  ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number:_____

    (b) Nature of proceeding: _____

        _____

    (c) Grounds raised: _____

        _____

        _____

        _____

        _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes  ☒ No

    (e) Result: _____

    (f) Date of result: _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the __California Supreme Court__, containing the grounds raised in this federal Petition, explain briefly why you did not:

*N/A*

---

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☑ Yes ☐ No     (IF "YES" SKIP TO #22)
  (a) If no, in what federal court was the prior action filed? _____
  (i) What was the prior case number? _____
  (ii) Was the prior action (CHECK ONE):
     ☐ Denied on the merits?
     ☐ Dismissed for procedural reasons?
  (iii) Date of decision: _____
  (b) Were any of the issues in this current petition also raised in the prior federal petition?
     ☐ Yes ☐ No
  (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
     ☐ Yes ☐ No

---

__CAUTION:__

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

CIV 68 (Rev. Dec. 1998)

K:\COMMON\FORMS\CIV-68.

**GROUNDS FOR RELIEF**

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE:** The Petitioner's Due Process Rights Were Violated When His Probation Was Revoked By The State Without A Probable Cause Hearing.

**Supporting FACTS** (state *briefly* without citing cases or law) _____

On August 4, 2003, the Petitioner was arrested by the San Diego Police Department for evading a police officer.

On August 15, 2003, the Petitioner entered a plea of guilty to one count of evading detention in violation of California Vehicle Code Section 2800.2(a), (People v. Woodall, SCD176528).

On September 15, 2003, the California Superior Court sentenced the Petitioner to 240 days in local custody and 3 years of formal probation.

On October 22, 2004, the Superior Court entered an order converting the Petitioner's probation from formal to summary.

On July 12, 2006, the Petitioner was arrested by the San Diego Police Department for sales of Cocaine and possession of Cocaine base for sale. (People v. Woodall, SCD200201). The Petitioner was arrested by the police without a warrant secured by probable cause.

On July 15, 2006, the Superior Court summarily

Did you raise GROUND ONE in the California Supreme Court?
☒ Yes ☐ No.

1  revoked probation in case number SCD176528 based
2  solely upon the new, post-probation arrest in case
3  number SCD200201. At no time during the summary
4  revocation process was the Petitioner given (1) notice
5  of the alleged violations of probation; (2) an
6  opportunity to present evidence in his own behalf;
7  (3) an opportunity to confront adverse witnesses;
8  (4) an independent decisionmaker; or (5) a written
9  report of the hearing.
10     On July 25, 2006, the Petitioner was arraigned
11  in the Superior Court in SCD200201 and was informed
12  by the Court of a prior misdemeanor probation case.
13  The felony probation case in SCD176528 was never
14  arraigned by the Superior Court.①
15     On August 30, 2006, the Petitioner pled guilty
16  to sale of cocaine and possession for sale of
17  cocaine base and admitted he had suffered one
18  prison prior. The Superior Court then went to
19  formally revoke the Petitioner's probation is case
20  number SCD176528. The Petitioner objected, and
21  argued that he had never been arraigned on the
22  felony probation. The Superior Court stated that it
23  was not going to "take any action" on the felony
24
25  ① The Court of Appeal refused to take judicial notice of
26  this hearing which was erroneously omitted by the
27  Clerk of Court when producing the record on appeal.
28  (See Exhibit 1, page 2, fn. 1)

1  probation matter and it would be discussed more
2  at sentencing.
3      On September 28, 2006, the Superior Court
4  Reinstated, modified and extended probation in
5  case number SCD176528, based solely upon the
6  new post-probation conviction in case number
7  SCD200201. At no time prior to the Superior
8  Court Revoking, modifying and extending the
9  probation sentence was the Petitioner Afforded a
10  preliminary hearing to determine probable cause.
11      In addition, At no time prior to the Superior
12  court Revoking, modifying and extending the
13  probation sentence was the Petitioner Afforded a
14  formal Revocation hearing. The Petitioner did not
15  make any waiver of his federal Constitutional
16  Right to a formal Revocation hearing.
17      On December 5, 2007, the California Court of
18  Appeal Affirmed the Superior court judgment finding
19  that under California law the Petitioner was not
20  deprived of his federal Constitutional Right to a
21  probable cause and formal probation Revocation
22  hearing. (See Exhibit 1).
23      On December 12, 2007, the Clerk of the Court
24  of Appeal Refused to file the Petitioner's Petition
25  for Rehearing. (See Exhibit 2).
26      On March 12, 2008, the California Supreme Court
27  denied Petition for Review. (See Exhibit 3).
28      On June 9, 2008, the United States Supreme

-8-

1 | Court denied a petition for a writ of
2 | certiorari. (See Exhibit 4.)

(b) **GROUND TWO:** The Petitioner's Due Process Rights Were Violated When His Probation Was Revoked By The State Without A Formal Revocation Hearing.

Supporting FACTS (state *briefly* without citing cases or law): _____

On September 28, 2006, the Superior Court Reinstated, Modified And extended probation in Case Number SCD176528. At no time prior to the Superior Court Revoking, modifying And extending the probation sentence was the Petitioner Afforded a formal Revocation hearing. The Petitioner did not make Any waiver of his federal Constitutional right to A formal Revocation hearing.

On December 5, 2007, the California Court of Appeal held that "we nonetheless find that Woodall waived his right to a formal probation revocation hearing based on the entire Record." (Exhibit I, page 8.)

To this extent, the Petitioner contends that he did not make A knowing And intelligent waiver of his Constitutional right to a formal Revocation hearing. This issue was Raised in the Court of Appeal And the California Supreme Court.

Did you raise GROUND TWO in the California Supreme Court?
☒ Yes ☐ No.

Declaration of Shawn James Allen Woodall

I, Shawn James Allen Woodall, dispose and say:

1. I am the Petitioner in this case and am proceeding pro-se.

2. On October 30, 2007, I was transferred from custody of the San Diego County Sheriff to the California Department of Corrections. The California Department of Corrections lost or destroyed the superior court transcripts of July 14, 2006; July 25, 2006; August 30, 2006; and September 28, 2006; which are relevant to the proceedings in this case before this Court.

3. I have been unable to afford to replace copies of the superior court transcripts needed for these proceedings.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6/13/08

- 11 -

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

☒ Yes   ☐ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: *Court of Appeal*

(b) Case Number: *D052228*

(c) Date action filed: *December 18, 2007*

(d) Nature of proceeding: *Direct Appeal*

(e) Grounds raised: *(1) Whether the trial court erred when it failed to order the probation sentence in SCD176528 time served and allocate the "dead time" credits to the controlling sentence pursuant to the holding in People v. Gonzales (2006) 138 Cal.App.4th 246, 251?*

(f) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes   ☒ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: *Pro-Se*

(b) At arraignment and plea: *John Lee, Esq.*

(c) At trial: *No trial.*

(d) At sentencing: *John Lee, Esq.*

(e) On appeal: *Richard Schwartzberg*

(f) In any post-conviction proceeding: *None.*

(g) On appeal from any adverse ruling in a post-conviction proceeding: *None.*

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes  ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☒ Yes  ☐ No

(a) If so, give name and location of court that imposed sentence to be served in the future:
*Superior Court of California, County of San Diego*

(b) Give date and length of the future sentence: *October 19, 2008 (Four years imprisonment)(SCD202824 And SCD2002011)*

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes  ☒ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
*June 13, 2008*

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*6-13-2008*
(DATE)

_____
SIGNATURE OF PETITIONER

CIV 68 (Rev. Dec. 1998)

-13-

K:\COMMON\FORMS\CIV-68.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

F I L E D
Stephen M. Kelly, Clerk
DEC 0 5 2007
Court of Appeal Fourth District

THE PEOPLE,

    Plaintiff and Respondent,

    v.

SHAWN JAMES ALLEN WOODALL,

    Defendant and Appellant.

D050136

(Super. Ct. Nos. SCD200201 &
SCD176528)

APPEAL from a judgment of the Superior Court of San Diego County, Timothy

R. Walsh, Judge. Affirmed.

In superior court case No. SCD176528, Shawn James Allen Woodall pled guilty to

one count of evading a police officer with reckless driving (Veh. Code, § 2800.2, subd.

(a)). The trial court suspended imposition of sentence and placed Woodall on probation

for three years.

In superior court case No. SCD200201, Woodall pled guilty to one count of

selling cocaine base and one count of possession of cocaine base (Health & Saf. Code,

§§ 11352, subd. (a) & 11351). The trial court sentenced Woodall to five years in prison,

Exhibit 1          Appendix A

but suspended execution of the sentence for five years. The court placed Woodall on

probation for five years, on the condition that he serve 180 days in jail and 180 days in a

residential drug rehabilitation facility. The court denied Woodall's request for a

certificate of probable cause.

## FACTS[1]

On August 4, 2003, Woodall drove a vehicle in a reckless manner and failed to

stop after police officers indicated they wanted him to pull over by operating the flashing

lights and sirens on the police vehicle. On August 15 Woodall entered a negotiated guilty

plea to one count of Vehicle Code, section 2800.2, subdivision (a). On September 15 the

trial court suspended imposition of sentence and placed Woodall on probation for three

years on the condition, among other things, that he serve 240 days in jail.

On July 12, 2006, an undercover police officer approached Woodall and asked,

"Anybody up bro?" Woodall replied, "Yeah, What's up?" The officer said he was

looking for a "twenty." Woodall sold the officer two small pieces of rock cocaine, which

weighed .19 grams, for $20.00. Police subsequently arrested Woodall.

On July 14 the court summarily revoked Woodall's probation granted in the 2003

evading police case (case No. SCD176528).

On August 30 Woodall pled guilty to sale of cocaine and possession of cocaine

base for sale and admitted he had suffered one prior prison conviction (Pen. Code,

---

1    Woodall's motion for this court to take judicial notice of the reporter's transcript
for the proceedings on July 25, 2006 is denied.

§ 667.5, subd. (b)).[2]  On September 28 the trial court sentenced Woodall to five years in prison and suspended execution of the sentence for five years.  The court granted Woodall five years' probation on the condition, among others, that he serve 365 days in jail, with the option to spend six months of that period in a residential drug rehabilitation facility.  The court also reinstated the probation in case No. SCD176528 and modified it to extend three more years (until September 27, 2009).

## DISCUSSION

Appointed appellate counsel has filed a brief setting forth the evidence and procedures in the superior court.  Counsel presents no argument for reversal but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d ᵔ436.  Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to as possible but not arguable issues:  (1) whether Woodall was entitled to a pre-revocation hearing prior to probation in case No. SDC176528 being summarily revoked; and (2) whether Woodall validly waived his right to an evidentiary hearing on the probation revocation.

We granted Woodall permission to file a brief on his own behalf.  He has responded.  Woodall contends his due process rights were violated because his probation in case No. SCD176258 was revoked without a preliminary pre-revocation hearing and a formal evidentiary hearing.

---

2       Woodall's prior prison conviction stemmed from his federal conviction for smuggling illegal immigrants into the country.

In *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*), the United States Supreme Court considered "whether the Due Process Clause of the Fourteenth Amendment requires that a State afford an individual some opportunity to be heard prior to revoking his [or her] parole." (*Id.* at p. 472.) The high court concluded it did and discussed two stages of parole revocation:  a probable cause hearing to be held shortly after the parolee is taken into custody; and a second formal parole revocation hearing prior to the final decision on revocation. (*Id.* at pp. 485, 489.) The due process requirements of the formal parole revocation hearing include:  "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him [or her]; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders [*sic*] as to the evidence relied on and the reasons for revoking parole." (*Id.* at p. 489.) The following year, the high court extended the *Morrissey* protections to probationers in *Gagnon v. Scarpelli* (1973) 411 U.S. 778.

The California Supreme Court anticipated the holding of *Gagnon v. Scarpelli* in *People v. Vickers* (1972) 8 Cal.3d 451, 458 (*Vickers*), in which the court found that the rules stated in *Morrissey* in the context of a parole revocation proceeding were equally applicable to revocation of probation.  However, the *Vickers* court noted there were procedural differences between California's probation revocation procedure and the

4

parole revocation procedure described in *Morrissey*. Consequently the state courts need not follow precisely the same procedure as *Morrissey* set forth, so long as equivalent due process safeguards were assured. (*Ibid.*)

After *Vickers*, other California case law established that a separate pre-revocation hearing is not required if the probation revocation hearing is timely; a single hearing can serve both purposes. (*People v. Buford* (1974) 42 Cal.App.3d 975, 980-981; *People v. Hawkins* (1975) 44 Cal.App.3d 958, 967; see also *In re Law* (1973) 10 Cal.3d 21, 27 [preliminary hearing can serve as probable cause hearing for parole revocation]; *People v. Santellanes* (1989) 216 Cal.App.3d 998, 1004 [preliminary hearing can serve as probable cause hearing for probation revocation].)

Under Penal Code section 1203.2, subdivision (a), the court is authorized to revoke a defendant's probation upon his rearrest or upon the issuance of a warrant for his rearrest "if the interests of justice so require and the court . . . has reason to believe from the report of the probation officer or otherwise" that grounds for revocation exist. Summary revocation of probation is simply a device by which the defendant may be brought before the court and jurisdiction retained before formal revocation proceedings commence. (*People v. Lewis* (1992) 7 Cal.App.4th 1949, 1955.) It is akin to a probable cause hearing and gives the probationer/defendant notice of the revocation proceedings.

As our Supreme Court observed in *People v. Coleman* (1975) 13 Cal.3d 867, 894-895:

> "Generally it is not necessary in California to afford a probationer faced with revocation proceedings a 'prerevocation' or 'probable cause' hearing of the type normally provided in the course of parole

5

revocation proceedings. Probation revocation, unlike parole revocation, is in California a judicial proceeding with concomitant procedural benefits for a probationer at all stages of the revocation process. Usually a judicial determination of probable cause precedes the arrest of a probationer for violations of the conditions of his probation, and the formal revocation hearing with its full panoply of *Morrissey* [*Morrissey v. Brewer* (1973) 408 U.S. 471] procedural rights occurs relatively soon after the probationer has been deprived of his conditional liberty. Since 'the precise nature of the proceedings for (probation) revocation need not be identical' to the bifurcated *Morrissey* parole revocation procedures, so long as 'equivalent due process safeguards' assure that a probationer is not arbitrarily deprived of his conditional liberty for any significant period of time, a unitary hearing will usually suffice in probation revocation cases to serve the purposes of the separate preliminary and formal revocation hearings outlined in *Morrissey*." (Citations omitted.)

In light of this authority, Woodall's complaint that his due process rights were violated because he did not receive a pre-revocation hearing is without merit. We decline Woodall's invitation to declare California's "unitary probation revocation hearing system," as he refers to it, unconstitutional. We also note that Woodall has not raised— either below or before this court—that he was deprived of notice by the summary revocation procedure followed below on July 14, 2006.

Woodall's reliance on *In re* Valrie (1974) 12 Cal.3d 139 and *In re Wagner* (2005) 127 Cal.App.4th 138 is misplaced. The former case predated *People v. Coleman, supra,* 13 Cal.3d 867, which we find controlling; we also reject Woodall's arguments that *People v. Coleman* is not good law. *In re Wagner, supra,* 127 Cal.App.4th at pages 145-146, is distinguishable; in that case the trial court revoked petitioner's probation without *any* due process. "[A]ll the court did was tell petitioner he would be taken into custody because he was not willing to cooperate with the judicial assistant, and when [the petitioner]

6

inquired why he was taken into custody, she [the judge] merely replied he was in violation of his probation." (*Id.* at p. 146.) The reviewing court ruled that a finding of a probation violation must be supported by facts to be used to revoke probation. (*Id.* at pp. 144-145.) This case is not at all similar to *In re Wagner*.

The purpose of the formal revocation hearing is to give the defendant an opportunity to require the prosecution to prove the alleged violation occurred and justifies revocation and to give the probationer a chance to explain or deny the allegations of the violation petition. (*Vickers, supra,* 8 Cal.3d at p. 460; *People v. Perez* (1994) 30 Cal.App.4th 900, 907; *Morrissey, supra,* 408 U.S. at p. 488.)

At the final formal revocation hearings, the probationer must be afforded the *Morrissey* due process protections: written notice of the claimed violation; disclosure of the evidence against him; the opportunity to be heard in person, to present witnesses and documentary evidence, and to confront and cross-examine adverse witnesses; consideration of the matter by a neutral and detached hearing body; and a written statement by the fact finder setting forth the evidence relied upon and the reasons for revocation. (*People v. Santellanes, supra,* 216 Cal.App.3d at p. 1003.) Even when a probationer has been duly convicted of a new crime, he is entitled to a formal revocation hearing before his probation is revoked and sentence is imposed on the prior offense. (*People v. Martin* (1992) 3 Cal.App.4th 482, 486 (*Martin*).)

However, it is possible for a probationer/defendant to waive the right to a formal probation revocation hearing. (See *Martin, supra,* 3 Cal.App.4th at pp. 486-487.)

7

At the August 30, 2006, change of plea hearing (case No. SCD200221) defense counsel told the court, "We've submitted a change of plea form, which will also incorporate a waiver of hearing vis-à-vis the two trailing probation violations." Also at the hearing, the court directly told Woodall that he had the right to a hearing on whether he violated his probation in case No. SCD176528 and inquired whether he wanted the hearing or wanted to waive it. Woodall responded that he wanted to waive the hearing.

We conclude Woodall expressly waived his right to a formal probation revocation hearing in case No. SCD176528. Woodall urges us not to consider these waivers. He claims his counsel's statement is inconsistent with the change of plea form and what happened later in the hearing, when the court put off the decision on the felony revocation matter.[3] Assuming arguendo, that the waiver given on August 30, 2006, was defective, we nonetheless find that Woodall waived his right to a formal probation revocation hearing based on the entire record. (*Martin, supra*, 3 Cal.App.3d at pp. 486-487.)

In *Martin, supra*, 3 Cal.App.3d at page 486, the defendant claimed he was denied due process because no formal revocation hearing was held prior to the revocation of his probation and the imposition of a prison sentence for burglary in an earlier case.

---

[3]    After Woodall told the court that the probation in case No. SCD176528 had been "dismissed" or terminated in 2004, the court delayed action on the probation revocation issue pending verification of Woodall's representation. The record shows that probation had not been terminated in 2004; rather, at that time, the court changed it to summary probation rather than formal probation.

Although the record failed to disclose either a formal probation revocation hearing or the defendant's express waiver of his right to such a hearing, the *Martin* court concluded—based on the entire record—that the defendant waived his right to a hearing and admitted the probation violation by filing a statement in mitigation acknowledging he would be sentenced in three separate cases, and by not objecting at the sentencing hearing either to the sentencing procedure or to the grounds for revocation. (*Id.* at pp. 486-487.)

Here, Woodall admitted to the probation officer that he committed the crimes charged in case No. SCD200201. Also, Woodall did not object at the sentencing hearing to the lack of a formal revocation hearing or to any other sentencing procedure. On this record, we find Woodall admitted his probation violation and waived his right to a formal revocation hearing. (*Martin*, *supra*, 3 Cal.App.4th at pp. 486-487.)

Finally, we observe that Woodall had ample reason not to object at the sentencing hearing. Woodall pled guilty to the charges in case No. SCD200201 with the understanding that the court would "strongly consider" placing him on probation for five years. That is essentially what took place at the sentencing hearing. Further, instead of revoking Woodall's probation in case No. SCD176528 and sentencing Woodall to prison for the evasion of police conviction in that case, the court revoked the probation, reinstated it and then modified it. Even if there was error in not conducting a formal revocation hearing, we are convinced beyond a reasonable doubt that such error was harmless; Woodall would have received the same result if there had been a formal revocation hearing. (*Chapman v. California* (1967) 386 U.S. 18, 24.)

DISPOSITION

The judgment is affirmed.

_Haller_

HALLER, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McDONALD, J.

# Court of Appeal

FOURTH APPELLATE DISTRICT
Division One
750 B Street, Suite 300
San Diego, CA 92101
www.courtinfo.ca.gov/courts/courtsofappeal
(619) 645-2760

December 12, 2007


RE:    THE PEOPLE,
        Plaintiff and Respondent,
        v.
        SHAWN JAMES ALLEN WOODALL,
        Defendant and Appellant.
        **D050136**
        **San Diego County No. SCD200201**
        **San Diego County No. SCD176528**


Shawn Woodall (F91270)
2-10-147U
P.O. Box 799002
San Diego, CA 92179-9002


Dear Mr. Woodall:

    The court is in receipt of your Petition for Rehearing. It will be forwarded to your appointed counsel, Stephen Merritt Hinkle.


                    STEPHEN M. KELLY, CLERK

                    BY: _____
                         Deputy Clerk


cc: All Parties


*Exhibit 2.*        *Appendix B*

Court of Appeal, Fourth Appellate District, Div. 1 - No. D050136
**S160485**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

SHAWN JAMES ALLEN WOODALL, Defendant and Appellant.

The petition for review is denied.

SUPREME COURT
**FILED**

MAR 1 2 2008

Frederick K. Ohlrich Clerk

Moreno, J., was absent and did not participate.

_____
Deputy

_____
GEORGE
Chief Justice

Exhibit 3     Appendix C

# Supreme Court of the United States
# Office of the Clerk
# Washington, DC  20543-0001

**William K. Suter**
Clerk of the Court
(202) 479-3011

June 9, 2008

Mr. Shawn J. Woodall
Prisoner ID F91270
P.O. Box 799002
San Diego, CA  92179-9002

      Re:   Shawn Woodall
          v. California
          No. 07-10210

Dear Mr. Woodall:

    The Court today entered the following order in the above-entitled case:

    The petition for a writ of certiorari is denied.

                Sincerely,

                **William K. Suter**, Clerk

*Exhibit 4*

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Shawn James Allen Woodall

**DEFENDANTS**

Hernandez, et al

FILING FEE PAID
Yes    No
IFP MOTION FILED
Yes    No
COPIES SUBMITTED
Court    Pro Se

**FILED**
JUN 2 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Shawn James Allen Woodall
PO Box 799002
San Diego, CA 92179
F-91270

**ATTORNEYS (IF KNOWN)**

'08 CV 1132 BTM RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE    Docket Number

DATE    6/24/2008

SIGNATURE OF ATTORNEY OF RECORD
R. Miller

CR

1   Shawn Woodall #F91270
2   2-10-147ᵘ
3   P.O. Box 799002
4   San Diego, CA 92179-9002

5
6
7
8           United States District Court
9       Southern District of California
10
11  Shawn James Allen Woodall,   Case No.   '08 CV 1132 BTM RBB
12              Petitioner,              Supplied By Clerk
13  v.
14  Robert J. Hernandez,        Memorandum Of Points
15              Respondent,     And Authorities In
16  And                         Support Of Petition For
17  Edmund G. Brown, Jr.,       Writ Of Habeas Corpus
18  The Attorney General of the Under 28 U.S.C. Section
19  State of California,        2254 By A Person In
20      Additional Respondent.  State Custody
21
22
23      Comes Now, Shawn James Allen Woodall, the
24  Petitioner, Pro-Se, And Respectfully files this
25  Memorandum of Points And Authorities in support
26  of the writ of habeas corpus filed herewith
27  And fully incorporated hereto.
28

I.

Memorandum of Points And Authorities

1. The United States Supreme Court Has Held That A Probationer Is Entitled To A Probable Cause Determination Soon After Arrest And Detention Before A Superior Court Can Formally Revoke The Conditions Of Probation

In Gagnon v. Scarpelli, 411 U.S. 778 (1973), the U.S. Supreme Court held that during the probation revocation process a probationer, as a matter of due process, "is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his [probation], and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision." (Id. at 781-782.)

In addition, the Court held that "[a]t the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing. (Id. at 786)(citing Morrissey

1  v. Brewer, 408 U.S. 471, 487 (1972).

2  The Court reasoned: "Both the probationer or
3  parolee and the State have interests in the
4  accurate finding of fact and the informed use
5  of discretion - the probationer or parolee to
6  insure that his liberty is not unjustifiably
7  taken away and the State to make certain that
8  it is neither unnecessarily interrupting a
9  successful effort at rehabilitation nor imprudently
10  prejudicing the safety of the community." (Id. at
11  785.)

12  There is no ambiguity in the U.S. Supreme Court's
13  holding on this question of federal constitutional
14  law. The Petitioner was not afforded a probable
15  cause hearing before final revocation of his
16  probation by the State of California.

17

18  A. The United States Court of Appeals for the
19  Ninth Circuit has held that a probationer is
20  entitled to a probable cause determination soon
21  after arrest and detention before a Superior
22  Court can formally revoke the conditions of
23  probation.

24

25  The Ninth Circuit has held that under the
26  United States Constitution a probationer is
27  entitled to a preliminary hearing at the time of
28  arrest and detention before a Court may

-3-

1  formally revoke probation. (See United States
2  v. Ramirez, 347 F.3d 792, 800.) The Ninth
3  Circuit explains:
4      "Before a revocation of parole or probation
5  can occur, the Constitution requires that there
6  be (1) a formal finding that a probationer or
7  parolee has committed a violation and (2) a
8  determination that the violation was serious
9  enough to warrant reimposing the probationer's
10  or parolee's original sentence. Because the
11  consequences of the revocation process are
12  serious, the probationer or parolee must be
13  afforded an opportunity to present evidence
14  to suggest that his violation does not warrant
15  revocation. In addition to a preliminary
16  hearing to determine whether there was
17  reasonable cause to believe that a probationer
18  or parolee had violated the conditions of his
19  probation or parole, a final revocation
20  hearing must be held by the probation or
21  parole authority, if so desired by the
22  probationer or parolee, in order to determine
23  whether revocation is actually warranted." (Id.
24  at 800)(citing Morrissey v. Brewer, 408 U.S.
25  471 (1972); Gagnon v. Scarpelli, 411 U.S. 778
26  (1973)(emphasis added).
27      There is no ambiguity in the Ninth Circuit's
28  holding on this question of federal

-4-

1   constitutional law. The petitioner was not
2   afforded a probable cause hearing before
3   final revocation of his probation by the
4   State of California.

5

6       B. The United States District Court for the
7   Eastern District of California has issued orders
8   to the State of California declaring a unitary
9   revocation system is unconstitutional.

10

11      The U.S. District Court for the Eastern
12  District of California has issued an order
13  declaring the State of California's unitary
14  parole revocation system unconstitutional. (See
15  Valdivia v. Davis, 206 F.Supp. 2d 1068 (E.D. Cal.
16  2002).

17      In Valdivia, the District Court found the
18  unitary parole revocation process unconstitutional
19  because "California's process does not provide for
20  a preliminary revocation hearing to determine
21  whether there is probable cause to believe that a
22  parolee committed a parole violation." (Id. at
23  1070)( See Also id. at 1073-1078.)

24      The fact that this case is a probation case
25  and the case in Valdivia was a parole case - is a
26  fact without any constitutional significance.
27  (See id at. 1076)( "Observing no difference
28  between parole revocation and probation

-5-

1  REVOCATION, the [U.S. SUPREME] COURT STATED THAT
2  'we hold that a probationer, like a parolee, is
3  entitled to a preliminary and final revocation
4  hearing."(citing GAGNON, 411 U.S. at 782.)
5      The District Court's order ended with the
6  State of California entering into a stipulated
7  order for permanent injunctive relief which
8  requires a bifurcated parole revocation process.
9  (See "Stipulated Order for Permanent Injunctive
10 Relief," VALDIVIA V. SCHWARZENEGGER, S-94-0671
11 (E.D. CAL. 2004)(www.prisonlaw.com/pdfs/Val.pdf.)
12     There is no ambiguity in the District Court's
13 holding on this important question of federal
14 Constitutional law. The Petitioner was not
15 afforded a preliminary hearing before final
16 REVOCATION of his probation.

17
18     C. The California Courts have decided this
19 important question of federal Constitutional
20 law in a way that Conflicts with the relevant
21 decisions of the United States Supreme Court,
22 the Ninth Circuit, and the District Court.

23
24     On July 25, 1974, the CALIFORNIA SUPREME
25 Court issued an opinion in accord with the
26 U.S. Supreme Court's holding in MORRISSEY V.
27 BREWER, 408 U.S. 471 (1972), which held that a
28 parolee is entitled to a preliminary hearing

-6-

1  before final revocation of parole. (See In re
2  Valrie, 12 Cal.3d 139 (1974)).
3       In In re Valrie, the petitioner was
4  convicted of narcotics violations and was
5  sentenced to state prison. (Id. at 141.) The
6  petitioner was later released on parole on the
7  condition that he go to a federal hold to
8  complete his federal sentence. (Ibid.) After
9  satisfying the federal sentence the petitioner
10  was released on California parole.
11      However, while on California parole the
12  petitioner was again arrested on federal
13  narcotics offenses. (Ibid.) The petitioner posted
14  bail and was released; but was subsequently
15  arrested by California authorities on suspicion
16  of a violation of parole (Ibid.) Thereafter, the
17  federal authorities indicted the petitioner on
18  narcotic offenses. The petitioner was
19  continually held without any proceedings of
20  any type on the parole hold pending trial on
21  the federal charges (Ibid.)
22      In the California Supreme Court, the
23  petitioner argued "that he ha[d] been denied
24  the prerevocation hearing mandated by
25  Morrissey in the case of a parolee arrested
26  on suspicion of a parole violation." (Ibid.) The
27  California Supreme Court agreed with the
28  petitioner, and held that "[t]he initial

-7-

1  proceedings, here termed a PREREVOCATION
2  hearing, are compelled because 'due process
3  would seem to require that some minimal
4  inquiry be conducted at or reasonably near
5  the place of the alleged parole violation or
6  arrest and as promptly as convenient after
7  arrest while information is fresh and sources
8  are available." (Id. at 142)(citing Morrissey v.
9  Brewer, supra, 408 U.S. at 485.)
10      On November 7, 1974, the California Courts
11  began to stray from the holding in In Re
12  Valrie and the U.S. Supreme Court's holding in
13  Gagnon v. Scarpelli, 411 U.S. 778 (1973)( See
14  People v. Buford, 42 Cal.App.3d 975 (1974)). In
15  Buford, the California Court of Appeal held:
16      "The due process safeguards established in
17  Morrissey apply to probation revocation as
18  well as parole revocation. (Gagnon v.
19  Scarpelli (1973) 411 U.S. 778, 782; People v.
20  Vickers (1972) 8 Cal.3d 451.) However, neither
21  Morrissey nor its progeny held that a
22  prerevocation hearing is a prerequisite to
23  revoking probation in California. Gagnon v.
24  Scarpelli, supra, indicates that a prerevocation
25  hearing is required in probation cases (411 U.S.
26  at pp. 782, 786.) But that case arose in
27  Wisconsin, where probation is supervised
28  and revoked solely by an administrative

-8-

1  Agency. (Id. at pp. 780, 784.) In California,
2  on the other hand, revocation of probation
3  is a judicial process, significantly
4  distinguishable from parole revocation. We
5  deem the holding in Gagnon v. Scarpelli
6  inapplicable to our system." (Id. at 980.)
7     On April 3, 1975, the California Supreme
8  Court adopted the reasoning in Buford to find
9  a unitary probation revocation system to be
10 constitutionally acceptable. (See People v.
11 Coleman, 13 Cal.3d 867, 894-895.) The holding
12 in Coleman was relied on by the Court of
13 Appeal to reach the conclusion that the
14 Petitioner's due process rights were not
15 violated. (See Opinion at pp. 5-7.)
16    Further, the Court of Appeal mentions in its
17 Opinion that "[W]e also note that Woodall has
18 not raised - either below or before this Court-
19 that he was deprived of the notice by the
20 Summary revocation procedure followed below
21 on July 14, 2006." (See Opinion at p. 6.)
22    However, this Court should not be persuaded
23 by this assertion. At the summary revocation
24 hearing, a probationer in California is not
25 afforded any procedural due process safeguards
26 as required under Gagnon v. Scarpelli, 411 U.S.
27 778, 786. Therefore, there was absolutely no
28 reason for the Petitioner to address this issue

-9-

1  because being denied a probable cause
2  determination before formal revocation of
3  his probation was clear from the record. The
4  Court of Appeal clearly understood the
5  Constitutional issue it was confronted with.
6      Finally, the U.S. Supreme Court has applied
7  the same procedural due process safeguards
8  of Morrissey and Gagnon to a probation
9  revocation system that employs a judiciary.
10  (See Black v. Romano, 471 U.S. 606, 609-613
11  (1985)). Thus, the holding in Black certainly
12  casts constitutional doubt about the
13  reasoning of the holding in Coleman.

14
15      2. The Petitioner Had A Right To A Formal
16  Revocation Hearing Under The Due Process
17  Clause Of The United States Constitution
18  Before The State Of California Could Revoke
19  His Probation

20
21      It is indisputable that the Petitioner had
22  a Constitutional Right to a formal revocation
23  hearing before the State of California could
24  revoke his probation. (See Gagnon v. Scarpelli,
25  411 U.S. 778 (1973); Morrissey v. Brewer, 408
26  U.S. 471, 487 (1972); United States v. Ramirez,
27  347 F.3d 792, 800. [9th Cir. 2003).
28      The Court of Appeal first held that the

-10-

1  Petitioner "expressly waived" his right to
2  formal revocation hearing. (See Opinion at p.
3  8.) On the other hand, the express waiver
4  theory was not supported by the record before
5  the Court of Appeal.
6      Confronted with this fact, the Court of
7  Appeal then held: "Assuming arguendo, that
8  the waiver given on August 30, 2006, was
9  defective, we nonetheless find that Woodall
10 waived his right to a formal probation
11 revocation hearing based on the entire record."
12 (Ibid.)(Citing People v. Martin (1992) 3 Cal. App.
13 4th 482, 486-487.)
14      In reaching this conclusion, the Court of
15 Appeal found that "Woodall admitted to the
16 probation officer that he committed the crimes
17 charged in SCD200201. Also, Woodall did not
18 object at the sentencing hearing to the lack
19 of a formal revocation hearing or to any
20 other sentencing procedure. On this record,
21 we find Woodall admitted his probation
22 violation and waived his right to a formal
23 revocation hearing." (Opinion at p. 9.)
24      However, the Petitioner respectfully submits
25 that the United States Constitution does not
26 turn to the question of whether out of court
27 statements made to a probation officer
28 constitutes an implied waiver to a formal

-11-

REVOCATION hearing.

Rather, the correct inquiry is whether the Petitioner made a knowing and intelligent waiver of his Constitutional Rights. (See Johnson v. Zerbst, 304 U.S. 458, 465 (1938)). Therefore, under Johnson, the Petitioner did not waive his Constitutional Right to a formal probation revocation hearing.

## II.
## Conclusion

For all reasons set forth, this Great Writ must be granted.

Respectfully Submitted,

6/13/2008

-12-