1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | KEVIN VIENNA
Supervising Deputy Attorney General
5 | ERIKA HIRAMATSU, State Bar No. 190883
Deputy Attorney General
6 | 110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 645-2224
Fax: (619) 645-2191
9 | Email: Erika.Hiramatsu@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14 | **SHAWN JAMES ALLEN WOODALL,** | 08-1132 BTM (RBB)

15 | Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254)**

16 | v.

17 | **ROBERT J. HERNANDEZ, Warden,**

18 | Respondent.

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.   PROCEDURAL AVERMENTS                                              2

II.  FACTUAL AVERMENTS                                                 4

III. TIMELINESS, PROCEDURAL BAR, AND EXHAUSTION                        5

IV.  STANDARD OF REVIEW                                               5

V.   MERITS                                                          6

     A.   A Preliminary Revocation Hearing Was Unnecessary Under These Facts   6

     B.   The State Court's Finding Of Waiver Was Not Unreasonable            10

     C.   Petitioner's Current Incarceration Has No Relation To His Claims Of Error   12

VI.  LODGMENTS                                                       13

VII. EVIDENTIARY HEARING                                             13

     CONCLUSION                                                      14

1

## TABLE OF AUTHORITIES

2                                                                                           **Page**

3  **Cases**

4  *Anders v. California*
   386 U.S. 738
5  87 S. Ct. 1396
   18 L. Ed. 2d 493 (1967)                                                              3, 4
6
   *Arizona v. Fulminante*
7  499 U.S. 279
   111 S. Ct. 279
8  113 L. Ed. 2d 302 (1991)                                                               12

9  *Bradley v. Fairfax*
   634 F.2d 1126 (8th Cir. 1980)                                                          12
10
   *Bradley v. Fairfax*
11 634 F.2d 1126 (8th Cir. 1980)                                                          12

12 *Bragg v. Galaza*
   253 F.3d 1150 (9th Cir. 2001)                                                           4
13
   *Chapman v. California,*
14 386 U.S. 18
   87 S. Ct. 824
15 17 L. Ed. 2d 705 (1967)                                                                13

16 *Dennis v. California Adult Authority*
   456 F.2d 1240 (9th Cir. 1972)                                                          10
17
   *Gagnon v. Scarpelli*
18 411 U.S. 778
   93 S. Ct. 1756
19 36 L. Ed. 2d 656 (1973)                                                               6, 7

20 *Gardner v. McCarthy*
   503 F.2d 733 (9th Cir. 1974)                                                          10
21
   *Herrera v. Collins,*
22 506 U.S. 390
   113 S. Ct. 853
23 122 L. Ed. 2d 303 (1993)                                                               12

24 In re La Croix
   12 Cal. 3d 146
25 12 Cal.524 P.2d 816 (1974)                                                              9

26 *Kartman v. Parratt*
   397 F. Supp. 531 (D. Nev. 1975)                                                        12
27

28

**TABLE OF AUTHORITIES**  (continued)

Page

1

2   *Lockyer v. Andrade*
3   538 U.S. 63
    123 S. Ct. 1166
4   155 L. Ed. 2d 144 (2003)                                              5

5   *Mead v. California Adult Authority*
    415 F.2d 767 (9th Cir. 1969)                                          10
6
    *Miller-El v. Cockrell*
7   537 U.S. 322
    123 S. Ct. 1029
8   154 L. Ed. 2d 931 (2003)                                              5

9   *Moody v. Daggett*
    429 U.S. 78
10  97 S. Ct. 274
    50 L. Ed. 2d 236 (1976)                                               10
11
    *Morrissey v. Brewer*
12  408 U.S. 471
    92 S. Ct. 2593
13  33 L. Ed. 2d 484 (1972)                                         6, 7, 9, 10

14  *People v. Buford*
    42 Cal. App. 3d 975
15  117 Cal. Rptr. 333
    (Cal. Ct. App. 1974)                                                6, 7, 9
16
    *People v. Coleman*
17  13 Cal. 3d 867
    533 P.2d 1024 (Cal. 1975)                                              6, 9
18
    *People v. Hawkins*
19  44 Cal. App. 3d 958
    119 Cal. Rptr. 54
20  (Cal. Ct. App. 1975)                                                    7

21  *People v. Vickers*
    8 Cal. 3d 451
22  503 P.2d 1313 (Cal. 1972)                                              6, 7

23  *People v. Wende*
    600 P.2d 1071
24  25 Cal. 3d. 436 (Cal. 1979)                                            3, 4

25  *People v. Woodall*
    No. D050136, slip op.
26  (Cal. Ct. App. Dec. 5, 2007)                                    4-6, 10-13

27  *People v. Woodall*
    No. S160485
28  (Cal. Mar. 12, 2008)                                                   4

08-1132 BTM (RBB)

**TABLE OF AUTHORITIES** (continued)

Page

*Pollard v. Galaza*
290 F.3d 1030 (9th Cir. 2002)                                              4

*Purkett v. Elem*
514 U.S. 765
115 S. Ct. 1769
131 L. Ed. 2d 834 (1995)                                                  4

*Shackleford v. Hubbard*
234 F.3d 1072 (9th Cir. 2000)                                             6

*Smith v. Idaho*
392 F.3d 350 (9th Cir. 2004)                                              2

*Thomas v. United States*
391 F. Supp. 202 (W.D. Pa. 1975)                                         10

*Townsend v. Sain*
372 U.S. 293
83 S. Ct. 745
9 L. Ed. 2d 770 (1963)                                                   12

*United States v. Carrion*
457 F.2d 808 (9th Cir. 1972)                                          10, 13

*United States v. Chin*
224 F.3d 121 (2d Cir. 2000)                                              10

*United States v. Diaz-Burgos*
601 F.2d 983 (9th Cir. 1979)                                             10

*United States v. Garza*
484 F.2d 88 (5th Cir. 1973)                                              13

*United States v. Lustig*
555 F.2d 751 (9th Cir. 1977)
*cert. denied*, 434 U.S. 1045 (1978)                                     13

*United States v. Marron*
564 F.2d 867 (9th Cir. 1977)                                             10

*United States v. Saykally*
777 F.2d 1286 (7th Cir. 1985)                                            10

*United States v. Tucker*,
524 F.2d 77 (5th Cir. 1975)
*cert. denied*, 424 U.S. 966 (1976)                                      10

*Valdivia v. Davis*
206 F. Supp. 2d 1068 (E.D. Cal. 2002)                                   8, 9

08-1132 BTM (RBB)

iv

**TABLE OF AUTHORITIES**  (continued)

Page

*Williams v. Taylor*
529 U.S. 362
120 S. Ct. 1495
146 L. Ed. 2d 389 (2000) ........... 5

*Woodford v. Visciotti*
537 U.S. 19
123 S. Ct. 357
154 L. Ed. 2d 279 (2002) ........... 5

*Ylst v. Nunnemaker*
501 U.S. 797
111 S. Ct. 2590
115 L. Ed. 2d 706 (1991) ........... 6

**Constitutional Provisions**

United States Code
        Title 28
                § 2254 ........... 1
                § 2254(a) ........... 12
                § 2254(d) ........... 5
                § 2254(d)(2) ........... 5
                § 2254(e) ........... 13
                § 2254(e)(1) ........... 4, 6, 11

**Statutes**

California Health & Safety Code
        § 11351.5 ........... 3
        § 11352 ........... 3

California Penal Code
        § 1203.2 ........... 8
        § 2800.2(a) ........... 2

08-1132 BTM (RBB)

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  ERIKA HIRAMATSU, State Bar No. 190883
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2224
    Fax: (619) 645-2191
9   Email: Erika.Hiramatsu@doj.ca.gov

10  Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **SHAWN JAMES ALLEN WOODALL,**            08-1132 BTM (RBB)

15                              Petitioner,   **ANSWER TO PETITION FOR
                                              WRIT OF HABEAS CORPUS**
16      v.                                    **(28 U.S.C. § 2254)**

17  **ROBERT J. HERNANDEZ[1/], Warden,**

18                              Respondent.

19

20          Pursuant to this Court's Order filed July 1, 2008, Respondent respectfully submits the

21  instant Answer to the Petition for Writ of Habeas Corpus under Rule 5 of the Rules Governing

22  Habeas Cases under 28 U.S.C. § 2254 (eff. Dec. 1, 2004). Respondent hereby denies all allegations

23  contained in the Petition and affirmatively asserts as follows:

24

25  _____

26          1. Although Respondent is identified in the Petition as Robert J. Hernandez, Warden of
    Richard J. Donovan Correctional Facility, Petitioner has since relocated to the California
27  Correctional Institution Tehachapi. The Petition should therefore be amended to reflect the correct
    Respondent is Fernando Gonzalez, Warden. *See Smith v. Idaho,* 392 F.3d 350, 354-55 & n.3 (9th
28  Cir. 2004).

**I.**

**PROCEDURAL AVERMENTS**

Petitioner Shawn James Allen Woodall is in the lawful custody of Fernando Gonzalez, Warden of California Correctional Institution Tehachapi, under a valid judgment of conviction. In San Diego County Superior Court case number SCD176528, Petitioner pled guilty to one count of evading an officer by driving recklessly (Cal. Veh. Code § 2800.2(a)), in exchange for a grant of three years of formal probation and the dismissal of a more serious charge. (Lodgment 1 (Clerk's Transcript, hereafter "CT") at 104-06, 120-22, 136-37; *see* CT 100-01.)

On May 13, 2004, Petitioner admitted violating his probation due to his misdemeanor conviction in a second San Diego Superior Court case (No. CD181833) for possessing cocaine base. (CT at 140; Lodgment 2 (Reporter's Transcript, hereafter "RT") 4 RT 602, 605-06; *see also* CT 31, 44, 123-25.) The trial court formally revoked and reinstated his probation in the first case (No. SCD176528) on the same terms and conditions, and released him from custody on that case. (CT at 140; 4 RT 606.)

The federal district court, however, found Petitioner had violated terms of his supervised release due to his new state conviction, and sentenced Petitioner on September 8, 2004, to two years, six months in federal prison. (Lodgments 2 & 3; CT 44.) Because federal imprisonment precluded Petitioner from attending the Proposition 36 drug treatment ordered by the state court on Petitioner's second state case (No. CD181833), the state court on October 22, 2004, dismissed the newer case and modified Petitioner's probation in his first, felony case (No. SCD176528) from formal to summary probation, under the same terms and conditions. (CT at 141; 5 RT 801-04.)

On July 14, 2006, Petitioner was arraigned on new felony drug charges in a third state case (No. SCD200201). (CT 84, 142; 6 RT 1001.) At the arraignment hearing, Petitioner was served with a copy of the complaint in case number SCD200201 and denied being in violation of probation in his first state case (No. SCD176528)[2]. (CT 1-4, 84, 142; 6 RT 1001.)

---

2. Although Petitioner claims he was arraigned on July 25, 2006, the record reflects otherwise. (Compare Pet. at 7 with CT 85, 143.) Further, Petitioner claims that during his arraignment on case number SCD200201 he "was informed by the court of a prior misdemeanor

1          On August 30, 2006, in a third state case (No. SCD200201), Petitioner pled guilty in San

2 Diego Superior Court to one count of selling cocaine base (Cal. Health & Safety Code § 11352) and

3 one count of possessing cocaine base for sale (Cal. Health & Safety Code § 11351.5), based on the

4 trial court's indication that it would consider granting probation to Petitioner. (CT at 13-15.) The

5 trial court set an evidentiary hearing for Petitioner's probation violation in case number SCD176528

6 to trail his sentencing in the third case and ordered the Probation Department to prepare a

7 supplemental report, but did not at that time find Petitioner in violation of probation. (CT at 147.)

8          On September 28, 2006, at Petitioner's sentencing on the drug sales charges, the trial court

9 formally revoked probation in Petitioner's first case (No. SCD176528) and reinstated it under the

10 same terms and conditions, but extended its termination date to September 27, 2009. (CT at 148.)

11 The court then released Petitioner from custody on that case (CT at 148), but ordered 365 days of

12 local custody as a condition of probation for the drug sales case (No. SCD200201) (CT 50).

13          Petitioner appealed to the California Court of Appeal from the September 28, 2006,

14 judgment in case numbers SCD176528 and SCD200201. (CT 76.) Appellate counsel for Petitioner

15 filed a no-issue brief under *People v. Wende*, 600 P.2d 1071, 25 Cal. 3d. 436 (Cal. 1979) and *Anders*

16 *v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), suggesting the court determine

17 (1) whether Petitioner was entitled to a pre-revocation hearing prior to the court's summary

18 revocation of his probation on July 14, 2006, and (2) whether Petitioner validly waived his right to

19 an evidentiary hearing following the summary revocation of his probation.    (Lodgment 5

20 (*Wende/Anders* Brief).)    Petitioner submitted a supplemental brief pro se, arguing that (1)

21 California's probation revocation procedure violated his federal Due Process rights under United

22 States Supreme Court precedent, and (2) Petitioner was denied a formal revocation hearing prior to

23 / / /

24

---

25 probation case.  The felony probation case in SCD176528 was never arraigned by the superior
26 court." (Pet. at 7.) According to the Reporter's Transcript of Petitioner's arraignment, however, the
   court clearly informed Petitioner of its summary revocation of Petitioner's "felony probation matter"
27 (6 RT at 1001), and the court's minute order in case number SCD176528 noted that the evidentiary
   hearing on probation revocation in that case would be heard concurrently with the preliminary
28 hearing in case SCD200201 (CT 142).

1 | revocation of his probation in case number SCD176528. (Lodgment 6 (Appellant's Supplemental

2 | Brief.)

3 |         In an unpublished opinion filed December 5, 2007, the Court of Appeal held Petitioner's

4 | federal due process claim was "without merit," and found Petitioner expressly waived his right to

5 | a formal probation revocation in case number SCD176528. (Lodgment 7 (*People v. Woodall*, No.

6 | D050136, slip op. (Cal. Ct. App. Dec. 5, 2007)) at 6.)

7 |         The California Supreme Court summarily denied Petitioner's petition for review on March

8 | 12, 2008. (Lodgment 9 (*People v. Woodall*, No. S160485 (Cal. Mar. 12, 2008) (order denying

9 | review)).) On June 9, 2008, the United States Supreme Court summarily denied Petitioner's petition

10 | for writ of certiorari. (Pet. Ex. 4.)[3/]

11 |                                     **II.**

12 |                           **FACTUAL AVERMENTS**

13 |         In its December 5, 2007, unpublished opinion, the California Court of Appeal made

14 | numerous express and implied factual findings in denying Petitioner's appeal in case number

15 | D050136. (*See People v. Woodall*, No. D050136, slip op.) State factual findings are entitled to a

16 | presumption of correctness, absent clear and convincing evidence by the petitioner sufficient to

17 | rebut the presumption. 28 U.S.C. § 2254(e)(1); *see, Purkett v. Elem*, 514 U.S. 765, 769, 115 S.

18 | Ct. 1769, 131 L. Ed. 2d 834 (1995); *see also, Pollard v. Galaza*, 290 F.3d 1030, 1033 (9th Cir.

19 | 2002). Mere conclusory allegations will not overcome the presumption. *Bragg v. Galaza,* 242

20 | F.3d 1082, 1087 (9th Cir. 2001), *amended* 253 F.3d 1150 (9th Cir. 2001). Because Petitioner has

21 | made no claim or showing to rebut the presumption, Respondent herein incorporates the factual

22 | background as stated in the Court of Appeal's opinion. (*People v. Woodall*, No. D050136, slip

23 | op. at 2-3.)

24 |                                     **III.**

25 |             **TIMELINESS, PROCEDURAL BAR, AND EXHAUSTION**

26 |         The Petition was timely filed, no procedural bar applies, and Petitioner has exhausted

27 |

28 |         3. Although Petitioner filed numerous pro se habeas petitions in the state trial and appellate courts, none is particularly relevant to the issues raised in this matter.

1  his claim by presenting it fully and properly to the state supreme court.

2  **IV.**

3  **STANDARD OF REVIEW**

4      The deferential standard of federal habeas corpus review established by the Antiterrorism

5  and Effective Death Penalty Act of 1996, 28 United States Code § 2254(d), applies to Petitioner's

6  claims. Under this standard, this Court cannot grant habeas relief unless the decision was contrary

7  to, or an unreasonable application of, United States Supreme Court precedent. 28 U.S.C. § 2254(d);

8  *Lockyer v. Andrade*, 538 U.S. 63, 73-77, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).

9      A state court decision is "contrary to" clearly established federal law where the state court

10  fails to apply the correct controlling Supreme Court authority or examines a question of law under

11  facts materially indistinguishable from those of a Supreme Court decision, yet arrives at an opposite

12  conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

13      A state court decision involves an "unreasonable application" of clearly established federal

14  law where the state court correctly identifies the governing legal principle as determined by Supreme

15  Court precedent but unreasonably applies that principle to the facts of the case. *Lockyer v. Andrade*,

16  538 U.S. at 75-76; *Williams*, 529 U.S. at 407-08, 413. Under this standard, federal court intervention

17  is permitted only when a state court's decision, based on clearly established law, is not merely

18  incorrect or erroneous in the independent judgment of the reviewing federal court, but objectively

19  unreasonable. *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002);

20  *Williams*, 529 U.S. at 409-10, 412.

21      For a state court's adjudication of a claim to be overturned on factual grounds, the habeas

22  court must find the state court's factual findings were objectively unreasonable based on the

23  evidence presented in the state court proceeding. 28 U.S.C. §2254(d)(2); *see Miller-El v. Cockrell*,

24  537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). Absent clear and convincing

25  evidence to the contrary, the state court's factual determinations are presumed to be correct. *Id.*; 28

26  U.S.C. § 2254(e)(1).

27      Where, as in this case, the state's highest court summarily denies a claim without a

28  reasoned decision, it is nevertheless considered a denial on the merits. *Ylst v. Nunnemaker*, 501 U.S.

1   797, 803-04, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991). A reviewing court thus "looks through"

2   the silent denial to a lower state court's reasoned decision for its rationale. *Id.* at 804-06;

3   *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Here, the last reasoned state court

4   decision was that of the unpublished California Court of Appeal opinion filed December 5, 2007.

5   (*People v. Woodall*, No. D050136, slip op.)

## V.

## MERITS

8        Petitioner claims the trial court violated his Due Process rights by revoking his

9   probation without either a probable cause hearing or a formal revocation hearing, and that to the

10  extent the Court of Appeal found Petitioner had waived his right to a formal probation revocation

11  hearing, such waiver was not knowing and intelligent. (Pet. at 6-10; P. & A. in Supp. of Pet. at

12  2-12.)

13  **A.    A Preliminary Revocation Hearing Was Unnecessary Under These Facts**

14       In *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the

15  Supreme Court held a parolee is entitled to two hearings before his parole is revoked: a preliminary

16  hearing and a final revocation hearing. *Morrissey*, 408 U.S. at 485-90. Shortly thereafter, the

17  California Supreme Court applied the *Morrissey* holding to probationers, anticipating the Court's

18  subsequent decision in *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656

19  (1973). *People v. Vickers*, 8 Cal. 3d 451, 503 P.2d 1313, 1318-19 (Cal. 1972). Further, as Petitioner

20  acknowledges (*see* P. & A. in Supp. of Pet. at 8-9), the circumstances of *Gagnon* arose in Wisconsin,

21  where unlike in California, "probation is supervised and revoked solely by an administrative

22  agency." *People v. Buford*, 42 Cal. App. 3d 975, 117 Cal. Rptr. 333, 336 (Cal. Ct. App. 1974);

23  *People v. Coleman*, 13 Cal. 3d 867, 533 P.2d 1024, 1045 (Cal. 1975).

24       As outlined by the *Morrissey* court, a probationer at the preliminary revocation hearing

25  must be provided notice of the alleged probation violations, an opportunity to appear and to present

26  evidence on his behalf, a conditional right to confront adverse witnesses, an independent hearing

27  officer who will determine whether probable cause or reasonable grounds exist to believe that the

28  probationer committed the violations, and a written report of the hearing. *Morrissey*, 408 U.S. at

08-1132 BTM (RBB)

486-87; *Gagnon v. Scarpelli*, 411 U.S. at 785-86. The second hearing, though less summary than the preliminary determination of probable cause, nevertheless should include similar minimum due process requirements.[4/] *Gagnon v. Scarpelli*, 411 U.S. at 786; *Morrissey*, 408 U.S. at 489. The Court noted, however, "We cannot write a code of procedure [for a revocation hearing]; that is the responsibility of each State. Most States have done so by legislation, others by judicial decision usually on due process grounds." *Morrissey,* 408 U.S. at 488-89.

California has established its probation revocation procedure through both legislation and judicial decision. As the California Court of Appeal explained in Petitioner's direct appeal, the California Supreme Court stated in its *Vickers* opinion that although California's probation revocation procedure differed from the parole revocation procedure described in *Morrissey*, it was unnecessary to precisely follow the *Morrissey* procedure, provided equivalent due process safeguards were assured. *People v. Vickers*, 503 P.2d at 1319. Accordingly, subsequent California cases established that a single hearing may serve the functions of both a pre-revocation and a formal probation revocation hearing, provided the hearing is timely. *See, e.g., People v. Hawkins*, 44 Cal. App. 3d 958, 119 Cal. Rptr. 54, 59-60 (Cal. Ct. App. 1975); *People v. Buford*, 117 Cal. Rptr. at 336-37. In addition, procedures for probation revocation after arrest are provided in California Penal Code § 1203.2.[5/]

---

4. The Court provided the requirements as follows:

(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

*Gagnon v. Scarpelli*, 411 U.S. at 786 (quoting *Morrissey*, 408 U.S. at 489).

5. As relevant to this case, California Penal Code § 1203.2 provides:

(a) At any time during the probationary period of a person released on probation under the care of a probation officer pursuant to this chapter, . . . or summary

1        Petitioner claims, based on *Valdivia v. Davis*, 206 F. Supp. 2d 1068 (E.D. Cal. 2002), that

2    California employs an unconstitutional "unitary" probation revocation process. (P. & A. in Supp.

3    of Pet. at 5-10.) As Petitioner recognizes, however, *Valdivia* concerned parole revocation, rather

4    than probation revocation procedures. (*See* P. & A. in Supp. of Pet. at 5.) The California Court of

5    Appeal has explained, "Probation revocation, unlike parole revocation, is in California a judicial

6    proceeding with concomitant procedural benefits for a probationer at all stages of the revocation

7    process." *People v. Coleman*, 533 P.2d at 1045.

8        Moreover, contrary to Petitioner's characterization of the *Valdivia* court's holding (*see* P.

9

10

---

11    probation not under the care of a probation officer, if any probation officer or peace
officer has probable cause to believe that the probationer is violating any term or

12    condition of his or her probation or conditional sentence, the officer may, . . . rearrest
the person and bring him or her before the court . . . . Upon such rearrest, . . . the

13    court may revoke and terminate such probation if the interests of justice so require
and the court, in its judgment, has reason to believe from the report of the probation

14    officer or otherwise that the person has violated any of the conditions of his or her
probation, has become abandoned to improper associates or a vicious life, or has

15    subsequently committed other offenses, regardless whether he or she has been

16    prosecuted for such offenses. . . .

17    (b) Upon its own motion or upon the petition of the probationer, probation officer or
the district attorney of the county in which the probationer is supervised, the court

18    may modify, revoke, or terminate the probation of the probationer pursuant to this
subdivision. The court shall give notice of its motion, and the probation officer or

19    the district attorney shall give notice of his or her petition to the probationer, his or

20    her attorney of record, and the district attorney or the probation officer, as the case
may be. . . . The court shall refer its motion or the petition to the probation officer.

21    After the receipt of a written report from the probation officer, the court shall read
and consider the report and either its motion or the petition and may modify, revoke,

22    or terminate the probation of the probationer upon the grounds set forth in

23    subdivision (a) if the interests of justice so require.

24    The notice required by this subdivision may be given to the probationer upon his or
her first court appearance in the proceeding. . . . Prior to the modification or

25    termination and waiver of appearance, the probationer shall be informed of his or her
right to consult with counsel, and if indigent the right to secure court appointed

26    counsel. . . . If probationer consults with counsel and thereafter agrees to a

27    modification or termination of the term of probation and waiver of personal
appearance, the agreement shall be signed by counsel showing approval for the

28    modification or termination and waiver.

1 & A. in Supp. of Pet. at 5), that court found it unnecessary to address whether a unitary parole
2 revocation hearing, if prompt, would pass constitutional muster. *Valdivia*, 206 F. Supp.2d at 1077.
3 Rather, the *Valdivia* court examined the parole revocation procedure's promptness requirement
4 under *Morrissey*, and held the *delay* of up to forty-five days or more rendered it unconstitutional.
5 *Id.* at 1077-78.

6      In fact, the *Morrissey* court recognized, "not all situations calling for procedural safeguards
7 call for the same kind of procedure." *Morrissey,* 408 U.S. at 481.   The California Supreme Court
8 has explained that generally a preliminary, "prerevocation" hearing is unnecessary in California,
9 because a judicial determination of probable cause usually precedes the probationer's arrest for
10 violating probation, "and the formal revocation hearing with its full panoply of *Morrissey* procedural
11 rights occur relatively soon after the probationer has been deprived of his conditional liberty."
12 *People v. Coleman*, 533 P.2d at 1045.  Therefore, while a probationer may in *some* instances be
13 entitled to a preliminary hearing of probable cause to revoke probation, "a unitary hearing will
14 usually suffice . . . to serve the purposes of the separate preliminary and formal revocation hearings
15 outlined in *Morrissey*."  *Id.* at 1045-46 (footnote omitted); *People v. Buford,* 117 Cal. Rptr. at 335-
16 38; *cf. In re La Croix,* 12 Cal. 3d 146, 12 Cal.524 P.2d 816 (1974) (parolee was entitled to
17 prerevocation hearing where revocation was partly based on driving while intoxicated, but violation
18 allegations were not drafted until after parolee's misdemeanor trial, and he had served beyond his
19 misdemeanor sentence when transferred to prison "for revocation proceedings.")  Based on this
20 application of *Morrissey* by the state supreme court in *Coleman*, the California Court of Appeal in
21 this case declined Petitioner's "invitation to declare California's 'unitary probation revocation
22 system,' as he refers to it, unconstitutional." (Lodgment 7 at 6.)

23      Federal courts have similarly held that, where a probationer or parolee was already in
24 custody on new criminal charges at the time of the revocation proceeding, a preliminary probable
25 cause hearing was not required. *E.g., United States v. Diaz-Burgos*, 601 F.2d 983, 984-85 (9th Cir.
26 1979); *United States v. Saykally*, 777 F.2d 1286, 1287-88 (7th Cir. 1985); *United States v. Tucker*,
27 524 F.2d 77, 78 (5th Cir. 1975) (per curiam), *cert. denied*, 424 U.S. 966 (1976); *Thomas v. United*
28 *States*, 391 F. Supp. 202, 203-04 (W.D. Pa. 1975); *United States v. Chin*, 224 F.3d 121, 123 (2d Cir.

1  2000) (per curiam); *see also Moody v. Daggett*, 429 U.S. 78, 86-87, 97 S. Ct. 274, 50 L. Ed. 2d 236

2  (1976). "Obviously a parolee cannot relitigate issues determined against him in other forums, as in

3  the situation presented when the revocation is based on conviction of another crime." *Morrissey*,

4  408 U.S. at 490.

5  Here, the sole basis for the revocation of Petitioner's probation was his failure to remain

6  law abiding, as evidenced by his admissions to the probation officer and court, and his conviction

7  after pleading guilty in case number SCD200201 on August 30, 2006, for drug offenses he

8  committed while on probation. (CT at 13, 15, 28, 37, 126, 142; *see also* CT 19.) "Probation may

9  be revoked when the judge is reasonably satisfied that a state or federal law has been violated, and

10  conviction is not a prerequisite." *United States v. Marron*, 564 F.2d 867, 871 (9th Cir. 1977)

11  (quoting *United States v. Carrion*, 457 F.2d 808, 809 (9th Cir. 1972)). Therefore, Petitioner's

12  conviction in case number SCD200201 – a fact he does not dispute – was sufficient to support the

13  trial court's revocation of probation. (*See* CT 59; P. & A. in Supp. of Pet. at 11-12 (quoting *People*

14  *v. Woodall*, No. D050136, slip op. at 9).) *See Gardner v. McCarthy*, 503 F.2d 733, 734 (9th Cir.

15  1974); *Dennis v. California Adult Authority*, 456 F.2d 1240, 1242 (9th Cir. 1972); *see generally*

16  *Mead v. California Adult Authority*, 415 F.2d 767 (9th Cir. 1969). The Court of Appeal's decision

17  that the lack of a pre-revocation hearing in this case did not violate Petitioner's due process was

18  neither contrary to, nor an unreasonable application of, clearly established federal law. Petitioner's

19  request for habeas relief on this basis should be denied.

20  **B.   The State Court's Finding Of Waiver Was Not Unreasonable**

21  Petitioner additionally alleges he was denied a formal probation revocation hearing in

22  case number SCD176528, and that the state court's conclusion that he had waived his right to

23  such a hearing "was not supported by the record." (Pet. at 10; P. & A. in Supp. of Pet. at 10-12.)

24  However, Petitioner has offered nothing in the record to establish clear and convincing evidence

25  sufficient to overcome the presumption of correctness accorded the state court's factual findings.

26  *See* 28 U.S.C. § 2254 (e)(1).

27  Quoting, as Petitioner did in his Supplemental Brief, from the Reporter's Transcript

28  from Petitioner's guilty plea in case number SCD200201 on August 30, 2006 (Appellant's

08-1132 BTM (RBB)

1    Supplemental Brief at 3-4)[6/], the California Court of Appeal observed that Petitioner's trial

2    counsel stated, "We've submitted a change of plea form, which will also incorporate a waiver of

3    hearing vis-à-vis the two trailing probation violations." (*People v. Woodall*, No. D050136, slip

4    op. at 8 (emphasis added); *see* Appellant's Supplemental Brief at 4.)  The Court of Appeal

5    additionally noted, "[a]lso at the hearing, the court directly told Woodall that he had the right to a

6    hearing on whether he violated his probation in case No. SCD176528 and inquired whether he

7    wanted the hearing or wanted to waive it.  Woodall responded that he wanted to waive the

8    hearing." (*People v. Woodall*, No. D050136, slip op. at 8; *see* Appellant's Supplemental Brief at

9    3.)  In concluding Petitioner had expressly waived his right to a formal probation hearing in case

10   number SCD176528, the Court of Appeal duly considered Petitioner's claim that his counsel's

11   statement was inconsistent with Petitioner's change of plea form and with the trial court's

12   postponement of action on the revocation matter. (*People v. Woodall*, No. D050136, slip op. at

13   8; *see* Appellant's Supplemental Brief at 3-5.)  Petitioner's change of plea form, however,

14   indicates Petitioner's admission of only two prior convictions:  that of case number SCD176528,

15   and his federal conviction for alien smuggling. (CT 13; *see also* CT 15.)  Further, Petitioner's

16   initials appear on the form as acknowledgment that, "I understand that my plea of Guilty . . . in

17   this case could result in revocation of my probation or parole in other cases, and consecutive

18   sentences." (CT 14.)  The record before the appellate court additionally showed that the trial

19   court's postponement of action in Petitioner's revocation matter resulted from Petitioner's claim

20   that his felony probation matter had been dismissed, and that at the sentencing hearing on

21   September 28, 2006, Petitioner did not object to the lack of a formal revocation hearing or to any

22   other sentencing procedure. (*People v. Woodall*, No. D050136, slip op. at 8 & n.3, 9; *see*

23   Appellant's Supplemental Brief at 3, 5.)  Petitioner is certainly no stranger to probation

24   revocation proceedings (*see* CT 30-32, 73, 92, 123, 140), and shows no reservation in expressing

25

26   _____

27       6.  On July 13, 2007, the Court of Appeal ordered the parties to maintain the sealed
     Reporter's Transcripts of August 30, 2006, and September 28, 2006, under seal. Accordingly, this

28   Court issued a protective order for the transcripts on August 12, 2008, and Respondent has filed the
     transcripts with this Court under seal.

1 | himself in court (*see, e.g.,* CT 53-66, 68-70, 85, 99). The state appellate court's finding of
2 | waiver by Petitioner was reasonable and entitled to deference.

3 | **C.  Petitioner's Current Incarceration Has No Relation To His Claims Of Error**

4 | Federal habeas corpus is available only on behalf of a person who is in custody "in
5 | violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "State
6 | prisoners are entitled to relief on federal habeas corpus only upon proving that their detention
7 | violates the fundamental liberties of the person, safeguarded against state action by the Federal
8 | Constitution." *Townsend v. Sain*, 372 U.S. 293, 312, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963).
9 | "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the
10 | Constitution -- not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853,
11 | 122 L. Ed. 2d 303 (1993). After Petitioner's probation was formally revoked, the trial court *released*
12 | Petitioner from custody on that case, notwithstanding the probation officer's recommendation that
13 | he be incarcerated for three years[7]. (CT 148.) No prejudice resulted from any error alleged by
14 | Petitioner.

15 | Under clearly established federal law, most errors of constitutional magnitude are subject
16 | to error analysis. *See Arizona v. Fulminante*, 499 U.S. 279, 306, 111 S. Ct. 279, 113 L. Ed. 2d 302
17 | (1991). Errors concerning a petitioner's probation or parole revocation hearing have been evaluated
18 | under the harmless error standard. *E.g., Bradley v. Fairfax*, 634 F.2d 1126, 1128 (8th Cir. 1980);
19 | *Kartman v. Parratt*, 397 F. Supp. 531, 533 (D. Nev. 1975). Accordingly, the Court of Appeal in this
20 | case concluded that, even if Petitioner was erroneously denied a formal revocation hearing, "we are
21 | convinced beyond a reasonable doubt that such error was harmless; Woodall would have received
22 | the same result if there had been a formal revocation hearing." (*People v. Woodall*, No. D050136,
23 | slip op. at 9 (citing *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705
24 | (1967)).)

25 | _____

26 | 7. Moreover, the court granted probation to Petitioner in the new case, SCD200201, and
27 | permitted him to be released to a residential drug rehabilitation program after 180 days of actual custody. (CT 90.) Petitioner's current prison term resulted from his conviction in yet another case
28 | (No. SCD202824), and the final revocation of probation in case numbers SCD200201 and SCD176528. (See Lodgments 10 & 11.)

08-1132 BTM (RBB)

1    Notably, Petitioner does not allege his guilty plea in case number SCD200201 was other

2  than knowing and voluntary, nor may he now so claim. *See United States v. Carrion*, 457 F.2d at

3  809; *United States v. Garza*, 484 F.2d 88, 89 (5th Cir. 1973); *United States v. Lustig*, 555 F.2d 751,

4  753 (9th Cir. 1977), *cert. denied*, 434 U.S. 1045 (1978). Petitioner suffered absolutely no prejudice

5  from the lack of a formal probation revocation hearing in this case. On the contrary, the record as

6  a whole shows the trial court recognized potential in Petitioner for a successful, crime-free life, and

7  as a result offered him numerous opportunities for drug treatment and rehabilitation. Petitioner has

8  only himself – and his inability to remain drug-free and law-abiding – to blame for his current

9  situation. The petition should be denied.

10                                    **VI.**

11                              **LODGMENTS**

12    Respondent has lodged all the records requested by the Court's Order.

13                                    **VII.**

14                       **EVIDENTIARY HEARING**

15    Petitioner is not entitled to an evidentiary hearing to resolve his claims, because he cannot

16  show that (1) his claims are predicated on a new rule of law with retroactive application; or (2) the

17  factual predicate for his claims could not have been discovered earlier with due diligence; and (3)

18  by clear and convincing evidence no reasonable fact finder would have found him guilty but for the

19  claimed constitutional errors. 28 U.S.C. § 2254(e). He cannot be excused of any failure to develop

20  the factual predicate for his claims.

21  / / /

22  / / /

23  / / /

24

25

26

27

28

# CONCLUSION

Except as expressly admitted, Respondent denies each and every allegation of the Petition and specifically denies that Petitioner's confinement is in any way improper, that any condition of his confinement is illegal, or that any of his constitutional rights have been or are being violated in any way. The absence of a violation of Petitioner's constitutional rights compels the denial of relief.

Dated: August 28, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General


s/ ERIKA HIRAMATSU
Deputy Attorney General

Attorneys for Respondent

EH:sam
70134770.wpd
SD2008801763

08-1132 BTM (RBB)

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:    ***Woodall v. Hernandez***
No.:          **08-1132 BTM (RBB)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 28, 2008**, I served the following documents:

1.      **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254)**;

        and

2.      **NOTICE OF LODGMENT IN 28 U.S.C. § 2254 HABEAS CORPUS CASE – TO BE SENT TO CLERK'S OFFICE**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Shawn James Allen Woodall, F-91270
California Correctional Institution
P.O. Box 608
Tehachapi, CA 93581
Pro Se

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 28, 2008**, at San Diego, California.

S. McBrearty
Declarant

Signature

SD2008801763
70134832.wpd

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | KEVIN VIENNA
Supervising Deputy Attorney General
5 | ERIKA HIRAMATSU
Deputy Attorney General
6 | State Bar No. 190883
   110 West A Street, Suite 1100
7 |    San Diego, CA 92101
   P.O. Box 85266
8 |    San Diego, CA 92186-5266
   Telephone: (619) 645-2224
9 |    Fax: (619) 645-2191

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 | **SHAWN JAMES ALLEN WOODALL,**     08-1132 BTM (RBB)

15 |                 **Petitioner,**     **NOTICE OF LODGMENT IN 28**
**U.S.C. § 2254 HABEAS CORPUS**
16 |       **v.**     **CASE – TO BE SENT TO CLERK'S**
**OFFICE**
17 | **ROBERT J. HERNANDEZ, Warden,**

18 |                **Respondent.**

19 |

20 |      Pursuant to this Court's Order filed July 1, 2008, and Rules 5(c) and (d) of the Rules

21 | Governing Section 2254 Cases in the United States District Courts (*eff.* Dec. 1, 2004), Respondent

22 | lodges the following records with the court:

23 |     1.   Clerk's Transcript on Appeal:  1 Volume (totaling 157 pages );

24 |     2.   May 13, 2004, Petition for Warrant and Violation Summary for Offender Under

25 | Supervision; Sept. 8, 2004, Judgment (S.D. Cal. No. 00-CR-1768-001-H)[1/];

26 |

27 |

28 |

     1. Lodgments 2 and 3 were provided by Petitioner as exhibits to two of his state habeas petitions, both filed in the Superior Court under No. HC17579 on Sept. 21, 2004, and Oct. 20, 2004.

1     3.    May 13, 2004, Petition for Warrant and Violation Summary for Offender Under

2 Supervision; Sept. 8, 2004, Judgment (S.D. Cal. No. 02-CR-2402-001-W);

3     4.    Reporter's Transcript:  6 Volumes (totaling 19 pages but numbered to 1200)[2]/;

4     5.    Brief Submitted on Behalf of Appellant (*People v. Wende*, 600 P.2d 1071 (Cal. 1979);

5 *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) in California Court of

6 Appeal case number D050136;

7     6.    Appellant's Supplemental Brief (*Pro se*) filed in California Court of Appeal case number

8 D050136;

9     7.    Unpublished Opinion affirming judgment on appeal in California Court of Appeal case

10 number D050136;

11     8.    Appellant's Petition for Review (*Pro se*) in California Supreme Court case number

12 S160485;

13     9.    Order denying review in California Supreme Court case number S160485;

14     10.  Oct. 19, 2007, Minute Order (Cal. Super. Ct. No. SCD200201); and

15     11.  Oct. 19, 2007, Minute Order (Cal. Super. Ct. No. SCD176528).

16 / / /

17 / / /

18 / / /

19

20

21

22

23

24

25

26

---

27     2.  Per this Court's Protective Order filed August 12, 2008, Reporter's Sealed Appeal Transcript from August 30, 2006 (Vol. 7), and September 28, 2006 (Vol 8), will be lodged

28 separately, under seal.

1        Because these lodged documents are copies, Respondent does not request that they be

2  returned.

3        Dated: August 28, 2008

4                          Respectfully submitted,

5                          EDMUND G. BROWN JR.
                        Attorney General of the State of California

6                          DANE R. GILLETTE
7                          Chief Assistant Attorney General

                        GARY W. SCHONS
8                          Senior Assistant Attorney General

                        KEVIN VIENNA
9                          Supervising Deputy Attorney General

10

11                          s/ ERIKA HIRAMATSU
12                          Deputy Attorney General

                        Attorneys for Respondent

13
  EH:sam
14  SD2008801763
  80274773.wpd
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            3