UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN JAMES ALLEN WOODALL,<br><br>                    Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary,<br><br>                    Respondent. | Civil No. 08cv1132 BTM (RBB)<br><br>**REPORT AND RECOMMENDATION RE:<br>DENYING PETITION FOR WRIT OF<br>HABEAS CORPUS [DOC. NO. 1]** |

Petitioner Shawn James Allen Woodall, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus on June 24, 2008 [doc. no. 1]. Petitioner asserts that his due process rights were violated when his probation was (1) summarily revoked without a probable cause hearing and (2) subsequently reinstated and extended without a formal revocation hearing. (Pet. 6-7, 10.)

On August 28, 2008, Respondent filed an Answer [doc. no. 10] asserting that (1) a preliminary revocation hearing was not necessary; (2) the state court's finding of waiver was not unreasonable; and (3) Woodall's current incarceration has no relation to his claim. (Answer 6, 10, 12.) Petitioner filed a

Traverse [doc. no. 12] on September 10, 2008.  The Court has reviewed the Petition and supporting memorandum, Respondent's Answer, Petitioner's Traverse, and the lodgments.  For the reasons discussed below, the Court recommends that Woodall's Petition be **DENIED**.

## I.   FACTUAL BACKGROUND

On August 15, 2003, Woodall pleaded guilty to charges based on an August 4, 2003, incident in which he "drove a vehicle in a reckless manner and failed to stop after police indicated they wanted him to pull over by operating the flashing lights and sirens on the police vehicle [case no. SCD176528]."  (Lodgment No. 7, People v. Woodall, No. D050136, slip op. at 1-2 (Cal. Ct. App. Dec. 5, 2007).)  The trial court, on September 15, 2003, placed him on probation for three years on the condition that he serve 240 days in jail and suspended imposition of the sentence.  (Id. at 2.)  This probation is the subject of the current Petition.

On April 9, 2004, a two-count complaint was filed against Woodall in the Superior Court of California, County of San Diego, for possession of a controlled substance and driving under the influence (case no. SCD181833).  (See Lodgment No. 2, United States v. Woodall, 00-CR-1768-001 H (S.D. Cal. May 13, 2004) (violation summary at 1); Lodgment No. 3, United States v. Woodall, 02-CR-2402 W (S.D. Cal. May 13, 2004) (violation summary at 1).)  Petitioner asserts that his probation in SCD176528 was terminated; however "[t]he record shows that probation [in SCD176528] had not been terminated in 2004; rather, at that time, the court changed it to summary probation rather than formal

1  probation." (Lodgment No. 7, <u>People v. Woodall</u>, No. D050136, slip

2  op. at 8, n.3.)

3      Petitioner's third state case (SCD200201) was based on an

4  incident on July 12, 2006. "[A]n undercover police officer

5  approached Woodall and asked, 'Anybody up bro?' Woodall replied,

6  'Yeah, What's up?' The officer said he was looking for a

7  'twenty.' Woodall sold the officer two small pieces of rock

8  cocaine, which weighed .19 grams, for $20.00. Police subsequently

9  arrested Woodall." (<u>Id.</u> at 2.)

10     Two days later, on July 14, 2006, a complaint was filed.

11  (Lodgment No. 1, Clerk's Tr., vol. 1, 0001-04, July 14, 2006

12  (complaint-felony).) It advises all defendants on criminal

13  probation that "the evidence presented to the court at the

14  preliminary hearing on this complaint is presented for a dual

15  purpose: the People are seeking . . . a revocation of the

16  defendant's probation, on any and all such probation grants,

17  utilizing the same evidence, at the preliminary hearing." (<u>Id.</u> at

18  00003.) An evidentiary hearing on the probation violation was set

19  for July 25, 2006, to be heard with the preliminary hearing. (<u>Id.</u>

20  at 00142, July 14, 2006 (mins.).) The court also summarily

21  revoked Woodall's probation on his evading police case, no.

22  SCD176528. (Lodgment No. 7, <u>People v. Woodall</u>, No. D050136, slip

23  op. at 2. The evidentiary hearing on the probation violation was

24  continued to August 8, 22, 25, and 30, 2006. (Lodgment No. 1,

25  Clerk's Tr. 00143-46, July 25, Aug. 8, 22, 25, 2006 (mins.).)

26     On August 30, 2006, Woodall pleaded guilty to possession and

27  sale of cocaine in case no. SCD200201 and admitted he had a prior

28  prison conviction in federal court for smuggling illegal

1  immigrants.  (Id. at 1, 2-3 n.2.)  The state court suspended

2  execution of a five-year prison sentence and granted Woodall five

3  years' probation with a condition that he spend one year in jail

4  with an option to spend up to half of that year in a residential

5  drug treatment facility.  (Id. at 3.)  "The court also reinstated

6  the probation in case No. SCD176528 and modified it to extend

7  three more years (until September 27, 2009)."  (Id.)

8      On November 15, 2006, Petitioner appeared for another

9  probation violation proceeding; his probation was summarily

10 revoked, and an evidentiary hearing was set for November 20, 2006,

11 to trail a new case, no. SCD202824.  (Lodgment No. 1, Clerk's Tr.,

12 vol. 1, 00150, Nov. 15, 2006 (mins.).)  The new case and

13 revocation hearings in SCD176528 and SCD200201 were continued.

14 (Id. at 00151-52, Nov. 20, 28, 2006 (mins.).)  Finally, on

15 November 30, 2006, Woodall pleaded guilty in SCD202824 and

16 admitted the probation violation, and his probation was formally

17 revoked.  (Id. at 153, Nov. 30, 2006 (mins.).)  Sentencing in

18 SCD202824 and in Woodall's probation matters was continued

19 multiple times.  (Lodgment No. 1, Clerk's Tr., vol. 1, 00153-57,

20 Nov. 30, 2006, Jan. 8, Feb. 7, Mar. 15, Apr. 17, 2007 (mins.).)

21 Woodall's probation in SCD176528 and SCD200201 was revoked on July

22 13, 2007.  (Id. at 153.)  On October 19, 2007, he was sentenced.

23 (Lodgment No. 11, People v. Woodall, No. SCD176528 (mins.);

24 Lodgment No. 10, People v. Woodall, No. SCD200201 (mins.).)

25 Petitioner had pleaded guilty in case no. SCD202824; in probation

26 case no. SCD176528, he was sentenced to two years to run

27 concurrent with his sentence in case no. SCD202824.  (Lodgment 11,

28 People v. Woodall, No. SCD176528 (mins.).)  On the same date, in

probation case no. SCD200201, Woodall was also sentenced to four years to run concurrent with his sentence in case no. SCD202824. (Lodgment No. 10, <u>People v. Woodall</u>, No. SCD200201 (mins.).)

## II.  PROCEDURAL BACKGROUND

Woodall appealed from the judgment in case nos. SCD176528 and SCD200201 to the California Court of Appeal. (Lodgment No. 7, <u>People v. Woodall</u>, No. D050136, slip op. at 1.)  Appellate counsel presented no argument but asked the court to review the record to determine "(1) whether Woodall was entitled to a prerevocation hearing prior to probation in case No. SCD176528 being summarily revoked; and (2) whether Woodall validly waived his right to an evidentiary hearing on the probation revocation." (<u>Id.</u> at 3.) Woodall filed a brief on his own behalf arguing that his due process rights were violated. (<u>Id.</u>)  The court of appeal affirmed the lower court's judgment in an unpublished opinion. (<u>Id.</u> at 10.)

The California Supreme Court denied Woodall's petition for review. (Lodgment No. 9, <u>People v. Woodall</u>, No. S160485, order (Cal. Mar. 17, 2008).)  The Supreme Court of the United States denied his petition for writ of certiorari on June 9, 2008. (Pet. Ex. 4.)

## III.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.A. § 2244 (West 1994 & Supp. 2008), applies to all federal habeas petitions filed after April 24, 1996.  <u>Woodford v. Garceau</u>, 538 U.S. 202, 204 (2003) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 326 (1997)).  AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 1994 & Supp. 2008); <u>see also</u> <u>Reed v. Farley</u>, 512 U.S. 339, 347 (1994); <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991).  Because Woodall's Petition was filed on June 24, 2008, AEDPA applies to this case.  <u>See</u> <u>Woodford</u>, 538 U.S. at 204.

In 1996, Congress "worked substantial changes to the law of habeas corpus."  <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir. 1997).  Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West Supp. 2008).

To present a cognizable federal habeas corpus claim, a state prisoner must allege that his conviction was obtained "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petitioner must allege that the state court violated his federal constitutional rights.

6

08cv1132 BTM (RBB)

1   Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885

2   (9th Cir. 1990); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir.

3   1988).

4        A federal district court does "not sit as a 'super' state

5   supreme court" with general supervisory authority over the proper

6   application of state law.  Smith v. McCotter, 786 F.2d 697, 700

7   (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780

8   (1990) (holding that federal habeas courts must respect a state

9   court's application of state law); Jackson, 921 F.2d at 885

10  (explaining that federal courts have no authority to review a

11  state's application of its law).  Federal courts may grant habeas

12  relief only to correct errors of federal constitutional magnitude.

13  Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989)

14  (stating that federal courts are not concerned with errors of

15  state law unless they rise to level of a constitutional

16  violation).

17       The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63

18  (2003), stated that "AEDPA does not require a federal habeas court

19  to adopt any one methodology in deciding the only question that

20  matters under § 2254(d)(1) -- whether a state court decision is

21  contrary to, or involved an unreasonable application of, clearly

22  established Federal law." Id. at 71 (citation omitted).  In other

23  words, a federal court is not required to review the state court

24  decision de novo.  Id.  Rather, a federal court can proceed

25  directly to the reasonableness analysis under § 2254(d)(1).  Id.

26       The "novelty" in § 2254(d)(1) is "the reference to 'Federal

27  law, as determined by the Supreme Court of the United States.'"

28  Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd

7

1  <u>on other grounds</u>, 521 U.S. 320 (1997) (emphasis added).  Section

2  2254(d)(1) "explicitly identifies only the Supreme Court as the

3  font of 'clearly established' rules."  <u>Id.</u>  "[A] state court

4  decision may not be overturned on habeas corpus review, for

5  example, because of a conflict with Ninth Circuit-based law."

6  <u>Moore</u>, 108 F.3d at 264.  "[A] writ may issue only when the state

7  court decision is 'contrary to, or involved an unreasonable

8  application of,' an authoritative decision of the Supreme Court."

9  <u>Id.</u>; <u>see also</u> <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir.

10  1996); <u>Childress v. Johnson</u>, 103 F.3d 1221, 1225 (5th Cir. 1997);

11  <u>Devin v. DeTella</u>, 101 F.3d 1206, 1208 (7th Cir. 1996).

12      Furthermore, with respect to the factual findings of the

13  trial court, AEDPA provides:

14          In a proceeding instituted by an application for a
        writ of habeas corpus by a person in custody pursuant to
15      the judgment of a State court, a determination of a
        factual issue made by a State court shall be presumed to
16      be correct.  The applicant shall have the burden of
        rebutting the presumption of correctness by clear and
17      convincing evidence.

18  28 U.S.C.A. § 2254(e)(1) (West Supp. 2008).

19                          **IV.  DISCUSSION**

20      Prior to revocation of probation, "a probationer, like a

21  parolee, is entitled to a preliminary and a final revocation

22  hearing . . . ."  <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 782 (1973);

23  <u>see</u> <u>Morrissey v. Brewer</u>, 408 U.S. 471, 485, 487 (1972).  There are

24  some exceptions.

25          [W]here petitioner has already been convicted of and
        incarcerated on a subsequent offense, there is no need
26      for the preliminary hearing . . . .  [T]he subsequent
        conviction obviously gives the [probation] authority
27      "probable cause or reasonable ground to believe that the
        . . . [probationer] has committed acts that would
28      constitute a violation of [probation]
        conditions" . . . .

                                    8

1  Moody v. Daggett, 429 U.S. 78, 86 n.7 (1976) (citation omitted).

2  Probation cannot be revoked without providing the minimum

3  requirements of due process, including the following:

> "(a) written notice of the claimed violations of
> (probation or) parole; (b) disclosure to the
> (probationer or) parolee of evidence against him; (c)
> opportunity to be heard in person and to present
> witnesses and documentary evidence; (d) the right to
> confront and cross-examine adverse witnesses (unless the
> hearing officer specifically finds good cause for not
> allowing confrontation); (e) a 'neutral and detached'
> hearing body such as a traditional parole board, members
> of which need not be judicial officers or lawyers; and
> (f) a written statement by the factfinders as to the
> evidence relied on and reasons for revoking (probation
> or) parole."

11  Gagnon, 411 U.S. at 786 (quoting Morrissey, 408 U.S. at 489).

12      Where the probationer has admitted he violated probation or

13  has been convicted of a crime, he is still entitled to a

14  revocation hearing.  Moody, 429 U.S. at 86 n.8.  At the hearing,

15  however, he may not relitigate facts constituting the violation

16  but may present evidence to justify his continued probation.  Id.

17      "A violation alone does not automatically trigger a

18  revocation.  Probation or parole authorities generally have two

19  options:  modify or extend the conditions of supervision, or

20  revoke."  United States v. Ramirez, 347 F.3d 792, 800 (9th Cir.

21  2003 (citation omitted).  But before a court can revoke probation

22  or parole, the requirements of Morrissey must be satisfied.  Id.

23  Nevertheless, a probationer may knowingly and intelligently waive

24  these rights under the Due Process Clause.  See McCarthy v. United

25  States, 394 U.S. 459, 466 (1969) (citing Johnson v. Zerbst, 304

26  U.S. 458, 464 (1938).)

27

28

### A.   Woodall's Probation Proceedings

On April 9, 2004, Woodall was informed of his rights and the charges against him in case no. SCD181833, and his probation in case no. SCD176528 was summarily revoked.  (Compare Lodgment No. 4, Rep.'s Tr. on Appeal, vol. 3, 401, People v. Woodall, No. D050136 (Cal. Ct. App. Apr. 9, 2004), with Lodgment No. 2, United States v. Woodall, 00-CR-1768-01-H (violation summary at 1).)  He pleaded guilty to possession of a controlled substance and expressly waived his right to an evidentiary hearing to determine if he was in violation of his probation in case no. SCD176528. (Lodgment 4, Rep.'s Tr. on Appeal, vol. 4, 602, 605-06, People v. Woodall, No. D050136 (Cal. Ct. App. May 13, 2004).)  Based on his waiver and admission, the trial court formally revoked and reinstated Woodall's probation on the same terms and conditions. (Id. at 606.)

Several months later, on October 22, 2004, Woodall appeared in superior court and verbally withdrew a petition for writ of habeas corpus in case no. SCD176528; the court continued his summary probation on the same terms and conditions.  (Lodgment 4, Rep.'s Tr. on Appeal, vol. 5, 804-05, People v. Woodall, No. D050136 (Cal. Ct. App. Oct. 22, 2004).)

On July 14, 2006, almost two years later, Petitioner was arraigned on a new charge, case no. SCD200201, and the court summarily revoked his felony probation.  (Lodgment No. 4, Rep.'s Tr., vol. 6, 1001, People v. Woodall, No. D050136 (Cal. Ct. App. July 14, 2006).)  At the change of plea hearing on August 30, 2006, Woodall's attorney stated, "We've submitted a change of plea form, which will also incorporate a waiver of hearing vis-a-vis

08cv1132 BTM (RBB)

the two trailing probation violations." (Lodgment No. 7, <u>People v. Woodall</u>, No. D050136, slip op. at 8.) "Also at the hearing, the court directly told Woodall that he had the right to a hearing on whether he violated his probation in case No. SCD176528 and inquired whether he wanted the hearing or wanted to waive it. Woodall responded that he wanted to waive the hearing." (<u>Id.</u>)

At the sentencing on September 28, 2006, in case no. SCD200201, Petitioner was sentenced to five years in state prison, which was suspended on the condition that Woodall complete five years of formal probation. (Lodgment No. 1, Clerk's Tr., vol. 1, 50, Sept. 28, 2006 (order granting probation at 1).) He was committed to custody for 365 days. (<u>Id.</u>) After 180 days of actual time in custody, Woodall would serve the remaining days in a residential treatment facility followed by formal probation. (<u>Id.</u>) The court reinstated probation in case no. SCD176528 on the same terms and conditions and extended it three years to end on September 27, 2009. (Lodgment No. 7, <u>People v. Woodall</u>, D050136, slip op. at 3.)

### 1.   A Preliminary Hearing

Petitioner contends that his due process rights were violated because his probation was revoked without a prior probable cause hearing. (Pet. 6.) He cites <u>Valdivia v. Davis</u>, 206 F. Supp. 2d 1068 (E.D. Cal. 2002), to support his claim that California's "unitary parole revocation process [is] unconstitutional" because it "does not provide for a preliminary revocation hearing to determine whether there is probable cause to believe that a parolee committed a parole violation." (Pet. Mem. P. & A. 5 (citing <u>Valdivia</u>, 206 F. Supp. 2d at 1075-78.) Woodall argues

that the California Supreme Court has applied _Morrissey_ to California parole proceedings and held that a prerevocation hearing is required.  (_Id._ at 7-8 (citing _In re Valrie_, 12 Cal. 3d 139, 524 P.2d 812, 115 Cal. Rptr. 340 (1974).)  He contends that he should receive the same protections.

As explained above, probationers are generally entitled to a preliminary hearing prior to the revocation of probation.  _Gagnon_, 411 U.S. at 782; _see_ _Morrissey_, 408 U.S. at 485, 487.  _Morrissey_ explains that the requirements of due process are flexible and "not all situations calling for procedural safeguards call for the same kind of procedure."  _Morrissey_, 408 U.S. at 481.  _Morrissey_ and _Gagnon_ require a probable cause determination before probation is revoked, but the individual states may implement different procedures and still satisfy due process.  _See generally_ _id._ at 481, 485, 487; _Gagnon_, 411 U.S. at 782.

"The right to a preliminary hearing is not absolute . . . ."  _Zach v. Stacey_, No. 07-C-426-C, 2007 U.S. Dist. LEXIS, at *7 (W.D. Wis. Oct. 24, 2007).  In _Zach_, the court pointed out that a preliminary probation revocation hearing is not required in several situations.  _Id._ (citing _United States v. Saykally_, 777 F.2d 1286, 1287 n.2 (7th Cir. 1985); _United States v. Sciuto_, 531 F.2d 842, 846 (7th Cir. 1976).  For example, the right to a preliminary hearing while awaiting a final probation revocation hearing does not extend to noncustodial probationers.  _United States v. West_, No. 90-50677, 1992 U.S. App. LEXIS 2162, at 4 (9th Cir. Feb. 5, 1992).  If a probationer is being held on a new criminal charge or sentence imposed for a subsequent offense, a preliminary revocation hearing is not required.  _United States v._

<u>Saykally</u>, 777 F.2d at 1287 n.2.  In <u>Hall v. Kamin</u>, No. 08-CV-258-slc, 2008 U.S. Dist. LEXIS 45137, at 5-6 (W.D. Wis. June 3, 2008), the court applied <u>Saykally</u> and found that "a preliminary hearing is not required when a parolee is being detained pursuant to another criminal charge, and not on the ground that he violated his parole."  The same rationale applies to Woodall.

On July 14, 2006, when Woodall's probation in case no. SCD176528 was summarily revoked, he was charged in a state court complaint with the sale of cocaine base and the unlawful possession of cocaine base for sale.  (<u>Compare</u> Lodgment No. 1, Clerk's Tr., vol. 1, 001-4 (complaint-felony) 005, July 14, 2006 (acknowledgment of constitutional rights), <u>with</u> Lodgment No. 7, <u>People v. Woodall</u>, D050136, slip op. at 2.)  Consequently, <u>Morrissey</u> and its progeny did not require a preliminary probation or prerevocation hearing.

The California Supreme Court has come to the same conclusion. <u>People v. Coleman</u>, 13 Cal. 3d 867, 894, 533 P.2d 1024, 1045, 120 Cal. Rptr. 384, 406 (1975).  In California, "[g]enerally it is not necessary . . . to afford a probationer faced with revocation proceedings a 'prerevocation' or 'probable cause' hearing . . . ." <u>Id.</u> at 894, 533 P.2d at 1045, 120 Cal. Rptr. at 405 (internal citations omitted).  Probation revocation proceedings in California are judicial proceedings with "concomitant procedural benefits."  <u>Id.</u>, 533 P.2d at 1045, 120 Cal. Rptr. at 405; <u>see also</u> <u>People v. Buford</u>, 42 Cal. App. 3d 975, 980-81, 117 Cal. Rptr. 333, 337 (Ct. App. 1974) (explaining that the <u>Morrissey</u> requirement for a prerevocation hearing is satisfied by a unitary system in

1   California where the determination of probable cause is promptly

2   made in a judicial proceeding).

3        Neither the Due Process Clause, nor Morrissey, nor California

4   law required that Woodall be given a probation prerevocation

5   hearing prior to his guilty plea and sentencing in case no.

6   SCD200201 on August 30, 2006.  And once Petitioner pleaded guilty

7   to those charges, there was no need for a preliminary hearing

8   before revoking Woodall's probation in case no. SCD176528.

9   Petitioner's guilty plea and sentencing in the later case provided

10  probable cause that he violated his probation.  Moody, 429 U.S. at

11  86 n.7.

12       Even Valdivia, 206 F. Supp. 2d 1068, relied upon by Woodall,

13  does not entitle Petitioner to habeas relief.  In Valdivia, the

14  district court found that the "current California parole

15  revocation system violates the plaintiffs' due process rights."

16  Id. at 1078.  The decision, however, explicitly did not resolve

17  whether "a prompt unitary hearing would meet constitutional muster

18  . . . ."  Id.  Valdivia acknowledged that in Pierre v. Wash. St.

19  Bd. of Prison Terms & Paroles, 699 F.2d 471, 472-73 (9th Cir.

20  1983), the Ninth Circuit "opined that the Supreme Court did not

21  intend to require two hearings in every case, but only in cases

22  with a fact pattern similar to the one before it in Morrissey."

23  Valdivia, 206 F. Supp. 2d at 1076.  "Under the facts of Morrissey,

24  the two-hearing requirement was just one way to satisfy minimum

25  due process; it is not the only way in every case."  Pierre, 699

26  F.2d at 473.

27       The California Court of Appeal, the state court to last

28  provide a reasoned analysis of Petitioner's claim, discussed

1   <u>Morrissey</u> and concluded that "Woodall's complaint that his due

2   process rights were violated because he did not receive a pre-

3   revocation hearing is without merit." (Lodgment No. 7, <u>People v.</u>

4   <u>Woodall</u>, No. D050136, slip op. at 6.)   The state court

5   distinguished another case relied on by Petitioner, <u>In re Valrie</u>,

6   12 Cal. 3d 139, 524 P.2d 812, 115 Cal. Rptr. 340.   <u>Valrie</u> predated

7   <u>People v. Coleman</u>, which stated that generally a prerevocation or

8   probable cause hearing is not required.   <u>People v. Coleman</u>, 13

9   Cal. 3d at 894, 533 P.2d at 1045, 120 Cal. Rptr. at 406.

10      In light of existing case law, the state court decision was

11  neither contrary to, nor an unreasonable application of, clearly

12  established United States Supreme Court law.   For this reason,

13  ground one in his Petition does not entitle Woodall to habeas

14  relief, and this claim should be DENIED.

15              **2.   A Formal Revocation Hearing**

16      In his second ground for habeas relief, Woodall maintains

17  that his due process rights were violated because his probation

18  was revoked and extended three years without a final, formal

19  revocation hearing.   (Pet. 1, 10.)   Supreme Court law provides

20  that probationers are entitled to a final revocation hearing prior

21  to revocation of their felony probation.   <u>Gagnon</u>, 411 U.S. at 782;

22  <u>see</u> <u>Morrissey</u>, 408 U.S. at 485, 487.   The Court explained in <u>Black</u>

23  <u>v. Romano</u> that "the final revocation of probation must be preceded

24  by a hearing, although the factfinding body need not be composed

25  of judges or lawyers." <u>Black v. Romano</u>, 471 U.S. 606, 611-12

26  (1985).   Because he pleaded guilty and was sentenced in case no.

27  SCD200201, Woodall was not entitled to present evidence refuting

28  his conviction of that offense, which also constituted a probation

violation, but he was entitled to present evidence to show that his continued probation was justified.  See Moody, 429 U.S. at 86 ns. 7, 8, 89.

### a.   Waiver

On August 30, 2006, Woodall's counsel stated, "We've submitted a change of plea form, which will also incorporate a waiver of hearing vis-a-vis the two trailing probation violations[,]" referring in part to Petitioner's probation in case no. SCD176528.  (Lodgment No. 7, People v. Woodall, No. D050136, slip op. at 8.)  The judge informed Woodall of his right to a hearing on his probation violation and asked whether he wanted that hearing.  (Id.)  "Woodall responded that he wanted to waive the hearing."  (Id.)  The evidentiary hearing was continued to September 28, 2006, trailing case no. SCD200201.  (Lodgment No. 1, Clerk's Tr., vol. 1, 00147, Aug. 30, 2006 (mins).)

The California Court of Appeal found that Petitioner waived his right to a formal revocation hearing.  (Lodgment No. 7, People v. Woodall, No. D050136, slip op. at 8.)  Woodall contends that he "did not make any waiver of his federal constitutional right to a formal revocation hearing."  (Pet. 8.)  Assuming the August 30, 2006, waiver was defective, the state appellate court still found that based on the entire record, Woodall waived his right to a formal revocation hearing.  (Lodgment No. 7, People v. Woodall, No. D050136, slip op. at 8 (citing People v. Martin, 3 Cal. App. 4th 482, 486-87, 4 Cal. Rptr. 2d 548, 550 (Ct. App. 1992)).)

At the sentencing hearing in case no. SCD200201, on August 30, 2006, Petitioner did not object that he was not given a formal revocation hearing or protest the procedure used to revoke,

16

1   reinstate, and extend his probation.  (Lodgment No. 7, <u>People v.</u>

2   <u>Woodall</u>, No. D050136, slip op. at 9.)  The state appellate court

3   found the circumstances in <u>Martin</u> analogous to those here.

>           Finally, we observe that Woodall had ample reason
> 4   not to object at the sentencing hearing.  Woodall pled
>     guilty to the charges in case No. SCD200201 with the
> 5   understanding that the court would "strongly consider"
>     placing him on probation for five years.  That is
> 6   essentially what took place at the sentencing hearing.
>     Further, instead of revoking Woodall's probation in case
> 7   No. SCD176528 and sentencing Woodall to prison for the
>     evasion of police conviction in that case, the court
> 8   revoked the probation, reinstated it and then modified
>     it.  Even if there was error in not conducting a formal
> 9   revocation hearing, we are convinced beyond a reasonable
>     doubt that such error was harmless; Woodall would have
> 10  received the same result if there had been a formal
>     revocation hearing.  (<u>Chapman v. California</u> (1967) 386
> 11  U.S. 18, 24.)

12

13  (<u>Id.</u>)

14      A person may waive his rights under the Due Process Clause.

15  <u>McCarthy</u>, 394 U.S. at 466 (citing <u>Johnson</u>, 304 U.S. at 464).  Even

16  so, the voluntariness of Woodall's waiver is a mixed question of

17  law and fact reviewed de novo.  <u>See Collazo v. Estelle</u>, 940 F.2d

18  411, 415 (9th Cir. 1991) (discussing a Miranda waiver).

19  "[C]hallenges to mixed questions of law and fact receive similarly

20  mixed review; the state court's ultimate conclusion is reviewed

21  under § 2254(d)(1), but its underlying factual findings supporting

22  that conclusion are clothed with all the deferential protection

23  ordinarily afforded factual findings under §§ 2254(d)(2) and

24  (e)(1)."  <u>Lambert v. Blodgett</u>, 393 F.3d 943, 978 (9th Cir. 2004).

25      Here, the trial court arguably found that on August 30, 2006,

26  Woodall waived his right to a final probation revocation hearing.

27  (Lodgment No. 7, <u>People v. Woodall</u>, No. D050136, slip op. at 8.)

28  But the court still scheduled a probation revocation evidentiary

1  hearing for September 28, 2006.  (Lodgment No. 1, Clerk's Tr.,

2  vol. 1, 00147, (mins.).)  Although the court minutes for August

3  30, and September 28, 2006, contain other entries relating to

4  Woodall's probation, neither set of minutes is marked to show that

5  the probationer "waives hearing."  (Id. at 00147-48.)

6      At best, the appellate court found that Woodall waived a

7  formal revocation hearing based on the entire record.  (Lodgment

8  No. 7, People v. Woodall, D050136, slip op. at 8.)  On habeas

9  review, federal courts defer to subsidiary factual conclusions

10  made by a state appellate court.  See Rupe v. Wood, 93 F.3d 1434,

11  1444 (9th Cir. 1996) (deferring to Washington Supreme Court's

12  conclusion that challenged statements were not threats, but merely

13  "psychological appeals").  Even giving the California Court of

14  Appeal's factual findings due deference, this Court cannot

15  conclude that Woodall waived his right to a formal probation

16  revocation hearing.

17      On September 28, 2006, Petitioner did not object to the

18  failure to hold a formal revocation hearing or to the process used

19  to rule on his probation matter.  (Lodgment No. 7, People v.

20  Woodall, D050136, slip op. at 9.)  But the mere failure to object

21  does not constitute the knowing and intelligent waiver of

22  fundamental rights that due process requires.  See McCarthy, 394

23  U.S. at 466; see also United States ex rel. Brown v. Warden,

24  Pontiac State Corr. Ctr., 417 F. Supp. 970, 973 (N.D. Ill. 1976).

25  The record as a whole does not support a finding that Woodall

26  waived his right to a revocation hearing.[1]

27

28      [1] The sealed transcripts of the proceedings on August 30,
    2006, and September 28, 2006, buttress this conclusion.  The
    transcripts of the change of plea and sentencing in SCD200201 and

### b.   Harmless Error

The California Court of Appeal explained that if the failure to conduct a formal revocation hearing was error, it was "convinced beyond a reasonable doubt that such error was harmless; Woodall would have received the same result if there had been a formal revocation hearing." (Lodgment No. 7, <u>People v. Woodall</u>, No. D050136, slip op. at 8-9 (citing <u>Chapman v. California</u>, 386 U.S. at 24).)  Petitioner does not contend that he would have offered more or different evidence at a formal revocation hearing; instead, he maintains his Petition should be granted simply because he was entitled a formal revocation hearing and did not knowingly and intelligently waiver it.  (Pet. 10; Traverse 4.)

Because Woodall pleaded pled guilty and was sentenced in the later case, the need for a preliminary hearing to determine if there was probable cause to show a probation violation was satisfied.  <u>Moody</u>, 429 U.S. at 86 n.7.  Additionally, Woodall's guilty plea and conviction were with written notice of the new criminal charge resulting in the probation violation.  He also had an opportunity to present witnesses and documentary evidence, and he had the right to confront and cross-examine adverse witnesses which he waived by pleading guilty.  Much of the substance of <u>Gagnon</u> and <u>Morrissey</u> was satisfied during Woodall's change of plea hearing where he pleaded guilty to the offense that established the probation violation.  <u>See generally</u> <u>Gagnon</u>, 411 U.S. at 782; <u>Morrissey</u>, 408 U.S. at 489.

---

the probation revocation for case no. SCD176528 were filed under seal by Respondent.  <u>Woodall v. Cate</u>, No. 08cv1132-BTM (S.D. Cal. filed Aug. 28, 2008) (reporter's sealed appeal transcripts for Aug. 30, and Sept. 28, 2006).

1    Petitioner was not provided with a formal probation
2 revocation hearing, but he was able to introduce mitigating
3 factors to the court during sentencing in case no. SCD200201,
4 which occurred immediately before his probation was reinstated and
5 extended.  (Lodgment No. 7, <u>People v. Woodall</u>, No. D050136, slip
6 op. at 9.)

> Woodall pled guilty to the changes in case No. SCD200201
> with the understanding that the court would "strongly
> consider" placing him on probation for five years.  That
> is essentially what took place at the sentencing
> hearing.  Further, instead of revoking Woodall's
> probation in case No. SCD176528 and sentencing Woodall
> to prison for the evasion of police conviction in that
> case, the court revoked the probation, reinstated it and
> then modified it.

12 (<u>Id.</u>)

13    At the sentencing hearing, although his probation was
14 revoked, Woodall was able to convince the court that probation
15 should be reinstated on the same terms and conditions; but the
16 court also extended it three years.  (<u>Id.</u> at 3.)

17              **3.   Woodall's Current Incarceration**

18    The failure to hold a final revocation hearing prior to
19 revoking and extending Woodall's probation in case no. SCD176528
20 has no relation to his current incarceration.  As noted above, on
21 September 28, 2006, Woodall's probation was reinstated and
22 extended to September 27, 2009.  (Lodgment No. 7, <u>People v.</u>
23 <u>Woodall</u>, No. D050136, slip op. at 3.)  He was also placed on five
24 years' probation in case no. SCD200201.  (<u>Id.</u>)  While on probation
25 in these two matters, Woodall had additional criminal charges
26 brought against him.

27    Regardless of his failure to receive a formal probation
28 revocation hearing in case no. SCD176528, Petitioner is in custody

due to his probation violation in case no. SCD200201 and sentence
in case no. SCD202824.  Even if Woodall's Petition is granted, his
remedy is a remand for a formal probation revocation hearing.  <u>See</u>
<u>Gagnon v. Scarpelli</u>, 411 U.S. at 791; <u>Morrissey v. Brewer</u>, 408
U.S. at 490.

To succeed on his Petition for Writ of Habeas Corpus, Woodall
must challenge his current incarceration.  <u>See</u> 28 U.S.C.A. §
2254(d).  Petitioner is not in custody due to the failure to
conduct a preliminary or final revocation hearing in case no.
SCD176528.  As a result of his guilty plea in case no. SCD200201,
his probation was reinstated and extended.  Woodall is currently
in custody serving multiple concurrent sentences in case nos.
SCD176528, SCD200201, and SCD202824.

In <u>Frye v. Pliler</u>, ___ U.S. ___, 127 S.Ct. 2327, 2328 (2007),
the Court held that federal habeas review requires the courts to
evaluate the effect of "constitutional error in a state-court
criminal trial under the 'substantial and injurious effect'
standard set forth in <u>Brecht</u> [<u>v. Abrahamson</u>, 507 U.S. 619 (1993)],
whether or not the state appellate court recognized the error and
reviewed it for harmlessness under the 'harmless beyond a
reasonable doubt' standard set forth in <u>Chapman</u>."  Petitioner's
claim that his probation was revoked without a final revocation
hearing will only entitle him to habeas relief if the failure had
a substantial and injurious effect on the revocation and extension
of his probationary term.  In light of Woodall's contemporaneous
guilty plea in case no. SCD200201, it did not.  Because of his
subsequent guilty plea in case no. SCD202824 and the revocation of
his probation in SCD200201, it still does not.

A harmless error analysis is appropriate unless the failure to hold a formal revocation hearing is a "structural" error.  See Arizona v. Fulminante, 499 U.S. 279, 291 (1991).  "A structural error is a 'defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.'"  United States v. Padilla, 415 F.3d 211, 219 (9th Cir. 2005) (quoting Fulminante, 499 U.S. at 310).  It deprives the defendant of "'basic protections [without which] a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.'"  Id. (quoting Rose v. Clark, 478 U.S. 570, 577–78 (1986)).

"Probation revocation, like parole revocation, is not a stage of a criminal prosecution . . . ."  Gagnon v. Scarpelli, 411 U.S. at 782.  Both are imposed after the criminal prosecution.  See id. at 781.  Structural errors generally "infect the entire trial process."  Brecht v. Abrahamson, 507 U.S. at 630.

Arguably, the failure to hold a formal probation revocation hearing could be categorized a "structural error," but there is contrary authority.  See e.g. United States v. Cameron, 2006 U.S. App. LEXIS 16858, at *4–5 (9th Cir. June 30, 2006) (rejecting claim that at the time of sentencing, the failure to specify the maximum number of drug tests imposed constitutes structural error); United States v. Padilla, 415 F.3d at 219 (same).  In Padilla, the court stated, "[T]he type [of error] at issue here affects only a single phase of a criminal proceeding -- and a tangential aspect at that.  This is hardly the stuff of structural error."  Padilla, 415 F.3d at 219.  Similarly, the Eleventh

Circuit, in <u>United States v. Kravitsky</u>, 2005 U.S. App. LEXIS 21806, at *9–12 (11th Cir. Oct. 6, 2005), held that the district court's failure to personally question the defendant about admitting that he violated a condition of probation was not plain error.  The Ninth Circuit, in <u>United States v. Sanchez–Cervantes</u>, 282 F.3d 664, 670 (9th Cir. 2002), stated, "We only review for plain error or assess whether an error is harmless when the error is not structural . . . ."  <u>Accord</u> <u>Frantz v. Hazey</u>, 533 F.3d 724, 735 n.13 (9th Cir. 2008) (stating that structural error is not subject to harmless error review on direct appeal or in habeas proceedings).

The weight of authority supports this Court's conclusion that the failure to hold a final revocation hearing was not a structural error.  As a consequence, <u>Brecht</u> applies, and Woodall is not entitled to habeas relief on claim two in his Petition.

**V. CONCLUSION**

For the reasons set forth above, the Court recommends that Plaintiff's Petition for Writ of Habeas Corpus be **DENIED**.

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before  December 19, 2008.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before January 9, 2009.  The parties are advised that failure to file objections within the

1  specified time may waive the right to appeal the district court's

2  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

3

4  Dated: November 17, 2008

5                                      RUBEN B. BROOKS
                                       United States Magistrate Judge

6  cc:  Judge Moskowitz
         All parties of record

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28