1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | SHAWN JAMES ALLEN WOODALL,

Civil No. 08cv1132-BTM (RBB)

12 |                 Petitioner,

**ORDER:**

13 |     vs.

**(1) ADOPTING IN PART THE
FINDINGS AND CONCLUSIONS OF
UNITED STATES MAGISTRATE
JUDGE;**

14

15

16 | MATTHEW CATE, Secretary of the
California Department of Corrections and
Rehabilitation, et al.,

**(2) DENYING PETITION FOR A WRIT
OF HABEAS CORPUS; AND**

17 |                 Respondents.

**(3) ISSUING A CERTIFICATE OF
APPEALABILITY**

18

19       Petitioner is a California prisoner proceeding pro se and in forma pauperis with a Petition

20 for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner contends

21 that his federal constitutional right to due process was violated when his probation was

22 summarily revoked without a probable cause hearing (claim one), and when probation was

23 subsequently reinstated and extended without a formal revocation hearing (claim two).

24       Presently before the Court is a Report and Recommendation ("R&R") submitted by

25 United States Magistrate Judge Ruben B. Brooks which recommends denying the Petition.

26 (Doc. No. 15.) Petitioner has filed Objections to the R&R. (Doc. No. 16.)

27       The Court has reviewed the R&R and the Objections pursuant to 28 U.S.C. § 636(b)(1),

28 which provides that: "A judge of the court shall make a de novo determination of those portions

of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  For the following reasons, the Court **ADOPTS** in part the findings and conclusions of the Magistrate Judge, **DENIES** the Petition, and **ISSUES** a Certificate of Appealability.

**1.     Claim One**

Petitioner was on probation at the time he was arrested for a new offense, and he alleges in claim one that the failure to hold a preliminary hearing to determine whether probable cause existed that he had violated probation amounted to a denial of federal due process.  (Pet. at 6.) The state court denied this claim, finding that Petitioner's due process rights under Morrissey v. Brewer, 408 U.S. 471 (1972), and Gagnon v. Scarpelli, 411 U.S. 778 (1973), were not violated because he was not arbitrarily deprived of his conditional liberty for any significant period of time by the lack of a judicial determination that probable cause existed to show that he had violated probation.  (Lodgment No. 7, People v. Woodall, No. D050136, slip op. at 4-6 (Cal.App.Ct. Dec. 5, 2007).)

The Magistrate Judge found that Morrisey and Gagnon represented the clearly established federal law applicable to claim one, and found that the appellate court's adjudication of this claim was neither contrary to nor involved an unreasonable application of that law, because those cases provide that a preliminary probable cause hearing is not required where a probationer has been detained pursuant to a new criminal charge.  (R&R at 12-13.)  Petitioner objects to that finding, presenting arguments that were addressed in the R&R.  (Objections at 2-5.)

The Court **ADOPTS** the findings and conclusions of the Magistrate Judge with respect to claim one, and overrules Petitioner's objections.  Habeas relief is **DENIED** as to claim one for the reasons set forth in the R&R.

**2.     Claim Two.**

Petitioner alleges in claim two that his federal due process rights were violated because his probation was revoked, reinstated and extended without a formal revocation hearing.  (Pet. at 7.)  The appellate court recognized that Morrisey requires a formal revocation hearing, even

1    when a probationer has been convicted of a new crime, in order to require the prosecution to

2    prove that probation was violated and that the violation justifies revocation, as well as to give

3    the probationer an opportunity to explain or deny the circumstances surrounding the alleged

4    violation.  (Lodgment No. 7, <u>People v. Woodall</u>, No. D050136, slip op. at 7.)  The appellate

5    court denied claim two, however, on the basis that the record supported a finding that Petitioner

6    had waived his right to a hearing.  (<u>Id.</u> at 7-9.)  The appellate court noted that Petitioner had

7    admitted to committing the crimes upon which the revocation was based, and did not object to

8    the lack of a formal hearing.  (<u>Id.</u> at 9.)  The appellate court observed that Petitioner had a strong

9    incentive to waive a formal hearing because the trial judge indicated that he intended to reinstate

10   probation after it was revoked, which is what ultimately happened, rather than sentence

11   Petitioner to prison as a result of the revocation.  (<u>Id.</u>)  The appellate court also found that even

12   if there was error in failing to conduct a separate formal hearing, it was harmless beyond a

13   reasonable doubt because the result would have been the same if there had been a formal

14   revocation hearing.  (<u>Id.</u>)

15          The Magistrate Judge found that although the appellate court was correct that Petitioner

16   did not object to the failure to hold a hearing, the record as a whole does not support a finding

17   of a waiver, as a mere failure to object does not constitute a knowing and intelligent waiver of

18   a fundamental right.  (R&R at 18.)  Petitioner agrees with the Magistrate Judge as to this finding

19   (Objections at 6-7) and Respondent has not objected.  However, the record is not entirely clear

20   in this regard.  At the beginning of Petitioner's change of plea hearing, defense counsel indicated

21   that the defense intended to waive the right to a probation violation hearing, and during the

22   change of plea hearing Petitioner responded affirmatively to the trial judge's inquiry whether he

23   understood that his probation would be revoked as a result of a guilty plea.  (<u>See</u> Sealed

24   Reporter's Transcript [Doc. No. 11] vol. 7, Aug. 30, 2006 at 1201, 1204.)  However, at the end

25   of the change of plea hearing, when Petitioner explicitly waived his right to a parole revocation

26   hearing, there appears to be some confusion in the record regarding whether Petitioner was

27   aware that his probation was still in effect.  (<u>Id.</u> at 1205-06.)  Petitioner did not object when his

28   probation was revoked, reinstated and continued.  (<u>Id.</u>, vol. 8, Sept. 28, 2006 at 1415.)

Nevertheless, there is no need to determine whether Petitioner validly waived his right to a formal revocation hearing because, as the appellate court and Magistrate Judge correctly found, any error was clearly harmless.  Where, as here, the state court finds that an alleged federal constitutional error is harmless beyond a reasonable doubt under the standard of Chapman v. California, 386 U.S. 18 (1967), a federal habeas court determines whether the error was harmless under the standard announced in Brecht v. Abrahamson, 507 U.S. 619 (1993). Fry v. Pliler, 551 U.S. 112, ___, 127 S.Ct. 2321, 2328 (2007); O'Neal v. McAninch, 513 U.S. 432, 436 (1995) (in conducting a harmless error analysis under Brecht, relief is appropriate if the Court is "in 'grave doubt' as to whether" the error was harmless).   The Court adopts the finding of the Magistrate Judge that the alleged error here is not structural error but is subject to harmless error review (R&R at 22-23), and overrules Petitioner's objections to that finding.

Any possible error in failing to provide Petitioner with a separate probation revocation hearing was harmless.  The trial judge provided a lengthy explanation as to why he intended to, and ultimately did, find Petitioner suitable for probation rather than the five-year prison term recommended by the probation officer or the three-year prison term as sought by the prosecutor. (See Sealed Reporter's Transcript vol. 7, Aug. 30, 2006 at 1202-03, 1206-07; id., vol. 8, Sept. 28, 2006 at 1407-10.)  The appellate court's finding that Petitioner "would have received the same result if there had been a formal revocation hearing" is objectively reasonable for the reasons discussed below.  (Lodgment No. 7, People v. Woodall, No. D050136, slip op. at 9.)

Petitioner argues that a separate, formal revocation hearing would have provided him with the opportunity to argue that his probation term should not have been extended.  (Objections at 9-10.)  In his declaration attached to the Objections he lists the evidence and the arguments he would have presented at a formal revocation hearing, and "respectfully declines to speculate on how the court would have viewed this evidence at a formal probation revocation hearing." (Objections at 10-14; Pet.'s Decl. at ¶¶ 5-11.)  However, the trial judge took every one of these items into consideration when deciding to revoke probation, with the sole exception of Petitioner's contention that his fellow employees would testify as to his character.  (Compare Pet.'s Decl. ¶¶ 5-11 with Sealed Reporter's Tr. vol. 8, Sept. 28, 2006 at 1408-11 and Lodgment

08cv1132

No. 1, Clerk's Tr. ["CT"] at 17-24.)   The trial judge, however, commented positively on Petitioner's character, stating that "out of a thousand-plus people I've seen in here, I really do see the most potential in you."  (Sealed Reporter's Tr. vol. 8 at 1410; <u>id.</u>, at 1407 ("I mean, if you would strap a suit on him and put him at a table in a courtroom, he could easily be confused with a relatively experienced attorney.").)  In addition, the trial judge informed Petitioner at the change of plea hearing that he strongly suspected that Petitioner was not a suitable candidate for incarceration, and instructed Petitioner to share any such information with the probation officer. (<u>Id.</u>, vol. 7 at 1206-07.)   The probation officer's report and the documents submitted by Petitioner to the trial court and probation officer include nearly all of the information Petitioner now contends he would have provided at a formal revocation hearing. (Lodgment No. 1, Clerk's Tr. at 17-24, 28-29, 33-34, 37, 43-49.)   Thus, the Court is not in "grave doubt" that had Petitioner been provided with a formal probation revocation hearing the trial judge would have altered in any way the decision to revoke, reinstate or continue Petitioner's prior probation for an additional three years.  The appellate court's determination that any error arising from a failure to provide Petitioner with a formal probation revocation hearing was harmless was an objectively reasonable application of clearly established federal law, and the Court **ADOPTS** the Magistrate Judge's finding to that extent.  Habeas relief is **DENIED** as to claim two on that basis.

<u>**CONCLUSION AND ORDER**</u>

The Court **ADOPTS** in part the findings and conclusions of the Magistrate Judge as set forth above, and **DENIES** the Petition for a Writ of Habeas Corpus.  The Court **ISSUES** a Certificate of Appealability as to all claims presented in the Petition.

**IT IS SO ORDERED.**

DATED:  March 23, 2009

Honorable Barry Ted Moskowitz
United States District Judge

08cv1132