1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN JAMES ALLEN WOODALL, | CASE NO. 08cv1132 BTM (RBB) |
| Plaintiff, | **ORDER GRANTING MOTION TO REOPEN TIME** |
| vs. | |
| ROBERT HERNANDEZ, et al., | |
| Defendant. | |

On July 9, 2009, Petitioner Shawn James Allen Woodhall filed a Motion to Reopen Time to File an Appeal.  Petitioner argues that because he did not receive timely notice of the Court's March  24, 2009 order and March 25, 2009 entry of judgment, the Court should reopen time to file an appeal pursuant to Federal Rule of Civil Procedure 4(a)(6).  On August 11, 2009, Respondent, the California Attorney General, filed Opposition to Petitioner's Motion to Reopen Time.

Under Rule 4(a)(6), a district court may reopen time to file an appeal if: (A) the court finds that the moving party did not receive notice under Rule 77(d) of entry of judgment or the order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Rule 77(d), whichever is earlier; and (C) the court finds that no party would be prejudiced.

Here, Petitioner did not receive notice pursuant to Rule 77(d) within 21 days after entry of judgment or the order sought to be appealed.  Although Petitioner promptly notified

1  the Court of his changes of address, the Court's first three attempts to provide notice of the

2  order and judgment were returned undeliverable [Docket Nos. 22, 25, 27].  Petitioner claims

3  that he finally received notice of the order and judgment on June 21, 2009, over 21 but under

4  180 days after the order and judgment were entered.  Petitioner filed his notice of appeal on

5  June 24, 2009, within 7 days of receiving notice of the order and judgment.

6        Respondent contends that the Court may not construe Petitioner's notice of appeal

7  as a motion to reopen time.  Therefore, because Petitioner did not file this Motion to Reopen

8  Time until July 9, 2009, Respondent argues that the Motion was not timely filed under

9  4(a)(6).  The Ninth Circuit has not addressed whether a district court may construe a habeas

10  petitioner's notice of appeal as a motion to reopen time under Rule 4(a)(6) where the

11  petitioner filed his notice of appeal within seven days of notice of entry of judgment or the

12  order sought to be appealed.  As Respondent points out, "[t]he procedures set forth in Rule

13  4 are strictly construed, there is no exception for prisoners proceeding pro se or for habeas

14  actions."  Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir. 1988).  Nonetheless, this Court

15  agrees with the reasoning of the Eleventh Circuit in allowing district courts to construe a

16  notice of appeal as a motion to reopen time where the notice of appeal was filed within the

17  seven day time period set forth in Rule 4(a)(6)(B).  First, as the Eleventh Circuit explained,

18  the Rule 4(a)(6) provisions for extension of time are more liberal than those governed by the

19  Rule 4(a)(5) excusable neglect standard.  Sanders v. United States, 113 F.3d 184, 187 (11th

20  Cir. 1997).  Second, where a pro se petitioner does not receive notice of the judgment he

21  seeks to appeal through no fault of his own, justice suggests that he should have the

22  opportunity to pursue his appeal.  Id.  Third, pro se pleadings are held to a less stringent

23  standard and should be read generously, "however inartfully pleaded."  Davis v. Silva, 511

24  F.3d 1005, 1009 n. 4 (9th Cir. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)

25  (per curiam)).  Thus, the Court construes Petitioner's notice of appeal as a timely motion to

26  reopen time to appeal under Rule 4(a)(6).  See Ogden v. San Juan County, 32 F.3d 452, 454

27  (10th Cir. 1994) (construing notice of appeal as a motion to reopen time under Rule 4(a)(6));

28  see also United States v. Smith, 235 Fed. Appx. 58, *1 (4th Cir. 2007) (same).

1   The Court notes that the Court of Appeals construed the Petitioner's change of
2   address form filed on June 15, 2009, as a motion to reopen the time to appeal and remanded
3   the matter to this Court.  Utilizing this date also allows the Court to reopen time under Rule
4   4(a)(6).

5   Respondent does not argue that he will suffer prejudice should the Court grant
6   Petitioner's motion to reopen time.  The Court finds, therefore, that Petitioner has satisfied
7   the requirements of Rule 4(a)(6) to reopen time to file his appeal.

8   The Court **GRANTS** Petitioner's Motion to Reopen Time to File an Appeal.  The Clerk
9   is directed to forthwith refile a copy of the notice of appeal that the Petitioner filed in this
10   Court on June 24, 2009.  Such refiled copy shall constitute the filing under this Order.  The
11   Clerk shall serve a copy of this order on the Clerk of the Court of Appeals of the Ninth Circuit.

12   **IT IS SO ORDERED.**

13   DATED:  August 28, 2009

14

15   Honorable Barry Ted Moskowitz
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

3